



```
                     FILED
              JAMES BONINI
                    CLERK

           08 JAN 16 AM 11: 35

           U.S. DISTRICT COURT
           SOUTHERN DIST. OHIO
           WESTERN DIV. DAYTON
```

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRADY SKINNER, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> THE NEW YORK TIMES COMPANY, et al., <br><br> Defendants. | CASE NO.: **3:08 cv 0011** <br><br> JUDGE: **WALTER HERBERT RICE** <br><br> **NOTICE OF REMOVAL OF CIVIL ACTION** |

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants The New York Times Company and Michael Braga ("Defendants") hereby remove this action from the Court of Common Pleas of Montgomery County, Ohio to the United States District Court for the Southern District of Ohio, Western Division based on the following:

1. On or about December, 18, 2007, Plaintiffs Brady Skinner and Wesley Luburgh ("Plaintiffs") filed a First Amended Complaint For Defamation ("the Complaint") in the Court of Common Pleas of Montgomery County, Ohio captioned *Brady Skinner and Wesley Luburgh v. The New York Times Company and Michael Braga C/O Sarasota Herald-Tribune* and bearing case number 2007CV1868 of that Court. Defendants were served with the Summons and Complaint via a private service company on December 19, 2007. This was the date upon

which Defendants first learned, by service or otherwise, of Plaintiffs' lawsuit. Copies of the Summons and Complaint served upon Defendants are attached hereto as Exhibit A.

2. Plaintiffs' Complaint contains a single cause of action for defamation stemming from the publication of an article in a Florida newspaper, the Sarasota Herald-Tribune.

3. Plaintiffs fail to allege within their Complaint the state of incorporation or the principal place of business for any of the Defendants. In fact, none of the defendants is a citizen of Ohio. At all relevant times and continuing to the present date, Defendant The New York Times Company is a New York corporation with its principal place of business in New York, New York. Defendant Michael Braga is a Florida resident. Plaintiffs' stated addresses on the Complaint are Springboro and Dayton, Ohio. There is therefore complete diversity between the Plaintiffs and Defendants.

4. The purported value of Plaintiffs' requested relief and damages is not stated in a specific dollar amount within the Complaint. Instead, Plaintiffs claim compensatory damages "in an amount in excess of $25,000 . . . and such other and further relief to which Plaintiffs may be entitled to herein." (Plaintiffs' First Amended Complaint, p. 11.) Plaintiffs also request punitive damages. Assuming Plaintiffs establish an entitlement to compensatory damages in the amount of $25,000, a court could impose punitive damages at a conservative ratio of 2-1, thereby increasing the total award to $75,000. Defendants reasonably and intelligently believe that such alleged relief and damages requested by Plaintiffs exceed the sum or value of $75,000.00, exclusive of interest and costs.

5. Based on the facts set forth above, this Court has jurisdiction over this civil action based on diversity of citizenship pursuant to 28 U.S.C. § 1332 because this civil action is

between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. This Notice of Removal is filed within thirty (30) days after Defendants first learned, by service of the Summons and Complaint or otherwise, of Plaintiffs' lawsuit. Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b).

7. The United States District Court for the Southern District of Ohio, Western Division is the proper court in which to remove this action to under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action was pending.

8. By filing this Notice of Removal, Defendants do not waive any of their affirmative defenses, including, but not limited to, their right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

9. Written notice of the filing of this Notice of Removal will promptly be served on all other parties as required by 28 U.S.C. §1446(d), and defendants will promptly file a copy of this Notice of Removal with the Clerk of Courts for the Court of Common Pleas for Montgomery County, Ohio as required by 28 U.S.C. §1446(d).

WHEREFORE, Defendants hereby remove this civil action from the Court of Common Pleas for Montgomery County, Ohio to the United States District Court for the Southern District of Ohio, Western Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

*/s/ John B. [signature]*

SHERRI BLANK LAZEAR (0030546)
BAKER & HOSTETLER, LLP
Capitol Square - Suite 2100
65 East State Street
Columbus, Ohio 43215-4260
Telephone: (614) 462-2631
Facsimile: (614) 462-2616
Email: slazear@bakerlaw.com

Trial Attorney for Defendants

LOUIS A. COLOMBO (0025711)
MELISSA A. DEGAETANO (0080567)
BAKER & HOSTETLER, LLP
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114-3485
Telephone: (216) 621-0200
Facsimile: (216) 696-0740

Co-counsel for Defendants

## CERTIFICATE OF SERVICE

A copy of the foregoing **Notice of Removal of Civil Action** was served by regular U.S. mail this 16th day of January, 2008 upon the following:

Steven K. Dankof, Sr.
Skilken, Lowe & Dankof, LLC
40 NORTH Main Street
1500 Kettering Tower
Dayton, Ohio 45423

Counsel for Plaintiffs

 

SHERRI BLANK LAZEAR (0030546)
BAKER & HOSTETLER, LLP
Capitol Square - Suite 2100
65 East State Street
Columbus, Ohio 43215-4260
Telephone: (614) 462-2631
Facsimile: (614) 462-2616
Email: slazear@bakerlaw.com

Trial Attorney for Defendants