**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DENNIS NOLAND, | : | Case No. 2:05cv682 |
| Petitioner, | : | Judge Watson |
| v. | : | Magistrate Judge Abel |
| PAT HURLEY, Warden,[1] | : | **HABEAS CORPUS** |
| Respondent. | : | |

**RESPONDENT'S SUPPLEMENTAL ANSWER/RETURN OF WRIT**

Respondent, Jeffrey Wolfe is the Warden of the Noble Correctional Institution in Caldwell, Ohio. As Warden, he maintains custody of Petitioner Dennis Noland, inmate #427-148, pursuant to a judgment entry issued by the Washington County, Ohio, Court of Common Pleas upon Noland's conviction for the crime of rape. (Doc. #5, Respondent's Answer/Return of Writ, Exhibit S, Case No. 00 CR 169.)

Noland filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent denies each and every ground for relief contained in the petition for writ of habeas corpus except for those grounds expressly admitted in the instant pleading and attachments hereto. Because this case may be decided based upon the record, no evidentiary hearing is required. Hereinafter, the Respondent shows cause why the writ should not be issued.

---

[1] Noland is currently incarcerated in the Noble Correctional Institution. Jeffrey Wolfe is the Warden of that institution and, as such, is the proper party Respondent.

**STATEMENT OF FACTS**

The Ohio Court of Appeals for the Fourth Appellate District, Washington County, set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Noland has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998):

> In November 1997, Tamara Noland discovered that her daughter, Polli Metcalf, was pregnant. Ms. Metcalf, who was twenty-two years old at the time, has the mental capacity of a three and a half year old child. Ms. Metcalf had an abortion and tissue from the fetus was preserved for investigative purposes.
>
> After learning her daughter was pregnant, Mrs. Noland contacted the Washington County Sheriff's Office to report that her daughter had been sexually abused. For two years, Detective Schuck attempted to identify the person who had sexually abused Ms. Metcalf. Eventually, Detective Schuck identified Noland, Ms. Metcalf's stepfather, as a suspect based on a call he received from Ms. Metcalf's caregiver. The caregiver indicated that she and Ms. Metcalf were at a movie that contained a passionate scene. The caregiver asked Ms. Metcalf if anybody had ever embraced her or kissed her like that, to which Ms. Metcalf replied "Dad." When the caregiver asked who "Dad" was, Ms. Metcalf identified Noland. Based on that information, Detective Schuck obtained a search warrant for a sample of Noland's DNA. Detective Schuck sent Noland's DNA sample to the laboratory so that it could be compared with the DNA from the fetal tissue. The results indicated that Noland fathered Ms. Metcalf's child. Detective Schuck then interviewed Noland. Initially, Noland denied having sexual intercourse with Ms. Metcalf. Later, he admitted that he had sexual intercourse with Ms. Metcalf on one occasion but stated that he did not mean to impregnate her.

(Doc. #5, Respondent's Answer/Return of Writ, Exhibit J at 3-4, Case No. 02 CA 28.)

**I.     PROCEDURAL HISTORY**

**A.     State Conviction**

Noland was indicted by the 2000 Term of the Washington County Grand Jury on one count of rape in violation of Ohio Revised Code § 2907.02(A)(1)(c). (Doc. #5, Respondent's Answer/Return of Writ, Exhibit A.) Upon arraignment, Noland entered a plea of not guilty.

Noland subsequently appeared before the trial court and changed his plea to guilty. (Transcript pp. 34-56; Doc. #5, Respondent's Answer/Return of Writ, Exhibit B.)[2] The trial court adjudicated Noland to be a sexual predator and sentenced him to the maximum term of ten years' imprisonment. (Transcript pp. 69-117; Doc. #5, Respondent's Answer/Return of Writ, Exhibit E, Case No. 00 CR 169.)

### B. Direct Appeal

Noland, through counsel, filed a notice of appeal in the in the Fourth District Court of Appeals for Washington County, Ohio, and raised the following assignments of error:

1. The trial court erred, in violation of Crim.R. 32.1, when denied Dennis Noland's motion to withdraw his guilty plea thereby denying him due process and the right to a jury trial as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

2. The trial court erred in sentencing Dennis Noland to a maximum prison term thereby denying him due process as required by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

3. Dennis Noland's due process rights were violated when the court labeled him a sexual predator, in the absence of clear and convincing evidence to support that label.

4. Dennis Noland was denied his constitutional right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitutional and Article I, Sections 10 and 16 of the Ohio Constitution when his attorney failed to object to the trial court's improper sentence and improper sexual predator label.

(Doc. #5, Respondent's Answer/Return of Writ, Exhibit F.) The State filed a brief opposing the assignments of error raised by Noland. (Doc. #5, Respondent's Answer/Return of Writ, Exhibits G and H.) Noland filed a reply. (Doc. #5, Respondent's Answer/Return of Writ, Exhibit I.) The

---

[2] Prior to the sentencing, Noland moved to withdraw his guilty plea. (Doc. #5, Respondent's Answer/Return of Writ, Exhibit C.) The trial court heard argument on the motion, and denied Noland's motion to withdraw his guilty

3

Fourth District Court of Appeals affirmed the judgment of the trial court, including Noland's conviction, sentence, and status as a sexual predator. (Doc. #5, Respondent's Answer/Return of Writ, Exhibit J, Case No. 02 CA 28.)

Noland filed a motion to certify a conflict, which the Court of Appeals subsequently granted. (Doc. #5, Respondent's Answer/Return of Writ, Exhibits K and L.) Noland, through counsel, filed a notice of certification of conflict with the Supreme Court of Ohio, setting forth the question certified by the Washington County Court of Appeals:

> When a trial court sentences an individual to non-minimum, consecutive or maximum sentences, must the trial court make the requisite findings from the bench at the sentencing hearing or is it sufficient to make the findings for the first time in the sentencing entry?

(Doc. #5, Respondent's Answer/Return of Writ, Exhibit M, Case No. 03-0679.)

Noland, through counsel, also appealed his sentence to the Supreme Court of Ohio, and set forth the following proposition of law:

> 1.  Before a trial court sentences an individual to a maximum sentence, the trial court must set forth its findings and reasons from the bench at the sentencing hearing.

(Doc. #5, Respondent's Answer/Return of Writ, Exhibit N, Case No. 03-731.) The Supreme Court of Ohio consolidated Noland's cases, and ordered that the cases be held for the decision in *State v. Comer*. (Doc. #5, Respondent's Answer/Return of Writ, Exhibit O.) In an Entry issued August 27, 2003, the Supreme Court of Ohio reversed the judgment of the Fourth District Court of Appeals and remanded the case for resentencing on the authority of *State v. Comer*, 99 Ohio St. 3d 463. (Doc. #5, Respondent's Answer/Return of Writ, Exhibit P, Case No. 03-731.)

---

plea. (Transcript pp. 60-69; Doc. #5, Respondent's Answer/Return of Writ, Exhibit D.)

### C. Resentencing

Prior to Noland's resentencing, the State and the defense filed resentencing memoranda. (Doc. #5, Respondent's Answer/Return of Writ, Exhibits Q and R.) A resentencing hearing was held in the Washington County Court of Common Pleas. (*See* Doc. #1-4.) The trial court found that the purpose of the remand was strictly resentencing, and that the matter of Noland's sexual predator status would not be reconsidered. The trial court proceeded to make the necessary findings and sentenced Noland to the maximum term of ten years' imprisonment. (Doc. #5, Respondent's Answer/Return of Writ, Exhibit S, Case No. 00 CR 169.)

### D. Direct Appeal after Resentencing

Noland, through counsel, filed a notice of appeal with the Fourth District Court of Appeals for Washington County, Ohio. Shortly thereafter, Noland's appointed counsel filed an *Anders* brief that identified the following assignment of error:

1. The trial court erred when it imposed a maximum sentence without stating adequate reasons during the resentencing hearing to support the finding that this offense constituted the worst form of the offense."

(Doc. #5, Respondent's Answer/Return of Writ, Exhibit T.) The appellate court issued an order advising Noland that he could file a pro se brief within forty days. (Doc. #5, Respondent's Answer/Return of Writ, Exhibit U.) Noland, pro se, filed a brief listing various claims of ineffective assistance of counsel, all occurring prior to his resentencing hearing in 2004. (Doc. #5, Respondent's Answer/Return of Writ, Exhibit V.) The State filed a response to both briefs. (Doc. #5, Respondent's Answer/Return of Writ, Exhibit W.) The Fourth District Court of Appeals affirmed the judgment of the trial court. (Doc. #5, Respondent's Answer/Return of Writ, Exhibit X, Case No. 04 CA 09.)

Noland, through counsel, filed a timely appeal in the Supreme Court of Ohio. In his

5

memorandum in support of jurisdiction, Noland set forth the following proposition of law:

> 1. This case involves the right of Appellant to constitutional fundamental right to equal protection, free from cruel and unusual punishment, and due process in violation of Article I, Sections 10 and 16 of the Ohio Constitution and in violation of Amendments 5, 6, and 14 of the United States Constitution when the court of appeals twice, affirmed the decision of the trial court where the trial court abused its discretion and testimony that Appellant was forbidden to question face to face and vindictive letters and statements from X-wife, and sentenced Appellant to the maximum sentence contrary to the recent decision in *Blakely v. Washington*, 124 S.Ct 2531 (2004).

(Doc. #5, Respondent's Answer/Return of Writ, Exhibit Y.) The Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. #5, Respondent's Answer/Return of Writ, Exhibit Z, Case No. 04-2045.)

### E. Federal Habeas Corpus

On July 13, 2005, Noland filed his Petition for Writ of Habeas Corpus in this Court asserting two grounds for relief:

> **GROUND ONE**: Petitioner was given the maximum sentence in violation of law and constitutions.
>
> **Supporting Facts:** Ground one involves the right of Petitioner to Constitutional fundamental right to equal protection, free from cruel and unusual punishment, and due process, in violation of Article I, Sections 10 & 16 of the Ohio Constitution and in violation of Amendments 5, 6, and 14 of the United States Constitution when the Ohio Court of Appeals, twice, affirmed the decision of the trial court, and the Ohio Supreme Court declined jurisdiction to hear as not involving any substantial constitution question, where the trial court abused its discretion and rendered its ruling from mis-information, hearsay within hearsay testimony that Petitioner was forbidden to question face to face combined with vindictive letters and statements from X-wife, and sentenced Petitioner to the maximum sentence contrary to the decision in *Blakely v. Washington*, 124 S.Ct. 2531 (2004).
>
> **GROUND TWO**: Petitioner was deprived of his due process rights when the trial courts abused its discretion by classified petitioner as sexual predator.
>
> **Supporting Facts:** Petitioner's due process rights guaranteed under the 14th Amendment to the United States Constitution were violated when the trial court

6

    erred in adjudicating Petitioner a sexual predator on hearsay within hearsay without giving proper notice and without a separate proper hearing denying Petitioner the opportunity to present a defense on his behalf.

(Doc. #1, Petition.)

  On October 3, 2005, Respondent filed an Answer/Return of Writ.  (Doc. #5-6.) Respondent argued that the claim presented in Noland's second ground for relief is not cognizable in a federal habeas corpus proceeding.  Additionally, Respondent argued that Noland had procedurally defaulted both grounds for relief and had failed to set forth cause or prejudice. (Doc. #5.)  Noland did not file a response.

  On October 7, 2006, Noland filed a Petition to Amend the Record.  (Doc. #7.) Respondent opposed Petitioner's motion noting that Noland's allegations fall outside of the cognizable core of habeas corpus relief. (Doc. #8.)

  On March 21, 2006, the Magistrate Judge granted Noland's request to expand the record, but noted that habeas corpus is available only to challenge the constitutionality of a prisoner's custody.  Additionally, the Magistrate Judge found that Noland's second ground for relief fails to present an issue appropriate for federal habeas review.  As a result, the Magistrate Judge recommended that Noland's second ground for relief be dismissed.  Finally, assuming that Noland's first claim for relief had been procedurally defaulted, the Magistrate Judge found that Noland's "ineffective assistance of counsel claim is unexhausted."  The Magistrate Judge recommended that further proceedings in this action be stayed so that Noland could file a delayed 26(B) application in the state appellate court.  (Doc. # 9.)

  On March 27, 2006, Respondent objected to the portion of the Magistrate Judge's Report and Recommendation recommending that further proceedings in this action be stayed to allow Noland to file a delayed 26(B) application in the state appellate court.  Respondent noted that a

review of Noland's petition demonstrates that Noland had not raised an ineffective assistance of appellate counsel claim in this Court and that, "to date, Noland has not even attempted to establish cause for his procedural default." Respondent also objected to the recommendation that the proceedings be stayed; Respondent noted that the stay and abeyance procedure only applies to mixed petitions, and Noland's petition is not mixed — it contained only exhausted, *i.e.*, procedurally defaulted, claims. Respondent also noted that Noland failed to demonstrate good cause for his failure to exhaust state court remedies for an ineffective assistance of appellate counsel claim where, five hundred seven (507) days after the appellate court affirmed the trial court's judgment on resentencing, Noland had not offered any explanation for his failure to file a 26(B) application, *if*, in fact, he wished to file such an action. Finally, Respondent argued that the record did not reflect that an ineffective assistance of appellate counsel claim was potentially meritorious. (Doc. #11.) On May 26, 2006, the District Court overruled Respondent's objections and adopted the Magistrate Judge's Report and Recommendation. (Doc. #13.)

### F.     Delayed Application to Reopen

Meanwhile, on April 20, 2006, Noland filed a delayed application to reopen his appeal in the Fourth District Court of Appeals for Washington County, Ohio, pursuant to Ohio Appellate Rule 26(B). In his 26(B) application, Noland stated that "[a]fter filing a federal habeas corpus in the federal court the courts recomondation (sic) was for me to raise these claims within a 26(B). I have complied with the federal recommadation (sic). . . ." (Exhibit 1.)[3]

On May 16, 2006, the appellate court issued an entry denying Noland's motion to reopen

---

[3] On April 28, 2006, Noland filed a notice in this Court stating that he "was given a report and recommendation to file a 26(B), reopening of my state direct appeal." Noland informed this Court that on April 20, 2006, he filed his 26(B) application "and I am now sending this notice to the report and recommendation to show this Court I am compliing with its report and recommendation." (Doc. #12.)

his appeal. The appellate court denied Noland's motion "because he (1) did not file it within ninety days of his appellate judgment and (2) does not show good cause for filing it at a later time." The appellate court found that "Noland does not even mention, let alone argue, why he waited so long to file his motion to reopen." (Exhibit 2.)[4]

On June 23, 2006, Noland filed an appeal in the Supreme Court of Ohio. (Exhibit 3.) Noland noted that he "was further advised to file a Supreme notice of appeal in re: to the above re-opening appeal so to have exhausted all state remedies." (Exhibit 4 at 3.) On October 4, 2006, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question. (Exhibit 5.)

### G. Reactivated Federal Habeas Corpus

On October 23, 2006, Noland filed a Certificate of Compliance indicating that "[t]he Report and Recommendation has 'fully' been exhausted through the lower courts." In an Order filed on November 9, 2006, Noland's request to reactivate the proceedings was granted, and Respondent was ordered to file a supplemental return of writ within twenty days. (Doc. #20.) Thus, Respondent has filed this Supplemental Return of Writ.

## II. EXHAUSTION, PROCEDURAL DEFAULT, AND WAIVER

Pursuant to this Court's Order dated May 26, 2006, the only claim pending before this Court is Noland's first ground for relief. (Doc. #13.) However, Noland has procedurally

---

[4] On May 26, 2006, Noland sought to reactivate his habeas corpus proceedings stating that "[o]n March 21, 2006 this federal district court instructed myself and recommended that I go back to the state level and exhaust a reopening of direct appeal pursuant to App.R.26(B). So as instructed, I Noland, Dennis have satisfied this recommendation." (Doc. #14.) On June 9, 2006, the Magistrate Judge issued an Order denying Noland's request to reactivate habeas corpus proceedings; the Magistrate Judge noted that Noland's ineffective assistance of counsel claim remains unexhausted because "petitioner has forty-five days from the date of the appellate court's judgment entry dismissing his 26(B) application within which to file an appeal" to the Supreme Court of Ohio. (Doc. #15.)

defaulted this claim.

### A.     Standard

Before seeking a writ of habeas corpus in federal court, a petitioner must first exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1)(A). Exhaustion serves an interest in federal-state comity by giving state courts the first opportunity to address and correct potential violations of a prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, (1995) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). To provide the state with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim, before seeking relief in federal court. *Baldwin v. Reese* 541 U.S. 27, 29 (2004); *Duncan*, 513 U.S. at 365-66; *O'Sullivan*, 526 U.S. at 845. In Ohio, this includes direct and delayed appeals to the Ohio Court of Appeals and the Supreme Court of Ohio. *Mackey v. Koloski*, 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970).

It is an established rule of long-standing in the state of Ohio that a criminal constitutional question cannot be raised in the Supreme Court of Ohio unless it was presented and argued in the court below. *State v. Phillips*, 27 Ohio St.2d 294, 272 N.E.2d 347 (1971). Where an appeal is taken to the Supreme Court of Ohio, the Supreme Court will not consider or determine claimed errors that were not raised and preserved in the court of appeals. *Id.* (citing *State ex rel. Babcock v. Perkins*, 165 Ohio St. 185 (1956)). If the appellant failed to raise an issue in the court of appeals, it is waived and will not be reviewed by the Supreme Court of Ohio. *State v. Sanders*, 92 Ohio St.3d 245, 2001 Ohio 189, 750 N.E.2d 90 (2001). Thus, an issue raised for the first time in the Supreme Court of Ohio will not be reviewed and has not been properly exhausted for

federal habeas review. *See State v. Phillips*, 27 Ohio St.2d 294, 272 N.E.2d 347 (1971); *State v. Sanders*, 92 Ohio St.3d 245, 2001 Ohio 189, 750 N.E.2d 90 (2001); *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985); *Castille v. Peoples*, 489 U. S. 346 (1989).

Also, a state prisoner is required to present the state courts with the same claim he has raised in the federal courts:

> If the exhaustion doctrine is to prevent unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution, it is not sufficient merely that the federal habeas applicant has been through the state courts. The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

*Picard*, 404 U.S. at 275-76 (internal quotation marks and citations omitted). In *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982), the Supreme Court emphasized that "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts . . ., or that a somewhat similar state-law claim was made." *Id.* (citations omitted). Nor is it sufficient that the federal claim was "self-evident"; rather, the legal and factual "substance" of the federal claim must have been presented to the state courts. *Harless*, 459 U.S. at 6-7; *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *O'Sullivan*, 526 U.S. at 844-45; *Picard*, 404 U.S. at 276, 277-78. In short "the habeas petitioner must present his claim to the state courts as a federal constitutional claim — not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984); *see also Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987) ("We doubt that a defendant's citation to a state-court decision predicated solely on state law ordinarily will be sufficient apprise a reviewing court of a potential federal claim . . . .").

The United States Supreme Court has held that "ordinarily a state prisoner does not

'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Reese*, 541 U.S. at 32.

> In determining whether a petitioner has fairly presented a federal constitutional claim to the state courts, a habeas court may consider whether (1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) the petitioner relied upon federal cases employing the constitutional analysis in question; (3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or (4) the petitioner alleged facts well within the mainstream of the pertinent constitutional law. *See Hicks v. Straub*, 377 F.3d 538, 553 (6th Cir. 2004) (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). A petitioner need not cite "chapter and verse" of constitutional law, *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987), but "general allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present claims' that specific constitutional rights were violated." *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (6th Cir. 1984)).

*Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004). Thus, a litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds. *Reese*, 541 U.S. at 32.

A federal habeas court is barred from hearing issues that could have been raised and litigated in the state courts, but were not, and which now may not be presented to those state courts due to procedural default or waiver. *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Where state remedies remain available to a habeas petitioner who has not fairly presented his constitutional claim to the state courts, the exhaustion doctrine precludes a federal court from granting him relief on that claim: although a federal court now has the option of denying the claim on its merits, 28 U.S.C. § 2254(b)(2), it must otherwise dismiss his habeas petition without prejudice so that the petitioner may return to state court in order to litigate the claim. *Castille*, 489 U.S. at 349; *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *see also* 28 U.S.C. § 2254(b)(1)(A).

However, where, as in this case, the petitioner has already pursued his state-court remedies and there is no longer any state corrective process available to him, it is not the exhaustion doctrine that stands in the path to habeas relief, *see* 28 U.S.C. § 2254(b)(1)(B)(i), but rather the separate but related doctrine of procedural default.

The procedural default doctrine, like the exhaustion doctrine, is grounded in principles of comity, federalism, and judicial efficiency. *See Dretke v. Haley*, 541 U.S. 386, 124 S. Ct. 1847, 1851-52 (2004). As a result, the procedural default doctrine normally will preclude a federal court from reaching the merits of a habeas claim when either (1) that claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds, or (2) the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred. *See Gray*, 518 U.S. at 162 (Failure to fairly present the federal claim, especially if the petitioner is now barred from returning to the state courts with it, waives the claim for the purposes of federal habeas corpus review.); *Coleman v. Thompson*, 501 U.S. 722, 735 & n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 263 & n.9 (1989); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994) (In order to fairly present habeas claims to the state courts, they must be presented at the first available opportunity.) Thus, when the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court, and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim. *O'Sullivan*, 526 U.S. at 853-54.

Normally, a federal habeas court will consider default in the state courts to have occurred if the last "reasoned state judgment rejecting a federal claim" makes a plain statement of such state procedural default. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). No such statement is necessary if the relevant issues were not presented at all to the state court(s). *Harris v. Reed*, 489

13

U.S. 255, 263 n.9 (1989).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Reynolds v. Berry*, 146 F.3d 345, 347 (6th Cir. 1998) (citing *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986)).  First, the Court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.  Second, the Court must determine whether the state courts actually enforced the state sanction.  Third, it must be determined whether the state procedural rule is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.  Finally, if the Court has determined that a state procedural rule was violated and that the rule was an adequate and independent state ground, then petitioner must demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.  The habeas petitioner bears the burden of overcoming the procedural bar by showing cause and actual prejudice.

In order to show cause, petitioner must prove "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. at 722, 753 (1991); *Shorter v. Ohio Dept. of Rehab. and Corrections*, 180 F.3d 723, 725 (6th Cir. 1999).  Prejudice exists where, but for error, the defendant (petitioner) "might not have been convicted," *Reed v. Ross*, 486 U.S. 1 (1984), or the errors undermined the accuracy of guilt, *Smith v. Murray*, 477 U.S. 527, 538-39 (1986).  In *Coleman*, 501 U.S. at 748, the Court stated that the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct "a fundamental miscarriage of justice."  A fundamental miscarriage of justice is usually interpreted to mean that an innocent person was

convicted. *Sawyer v. Whitley*, 505 U.S. at 339, n. 6.

**B.     Application to Noland**

In Noland's first ground for relief, he asserts that the trial court imposed the maximum sentence in violation of the decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). This claim is procedurally defaulted.

Noland raised this claim for the first time as his sole proposition of law in an appeal to the Supreme Court of Ohio following his resentencing. (Doc. #5, Respondent's Answer/Return of Writ, Exhibit Y.) Because Noland failed to raise this claim in the court of appeals, the claim was waived and could not be raised in the Supreme Court of Ohio. *State v. Phillips*, 27 Ohio St.2d 294, 272 N.E.2d 347 (1971); *State v. Sanders*, 92 Ohio St.3d 245, 2001 Ohio 189, 750 N.E.2d 90 (2001).

Noland's claim is based on the United States Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct 2531 (2004). Although Noland could not have relied on the *Blakely* case in his principal brief in his direct appeal after resentencing, he could have relied upon the *Blakely* reasoning because *Blakely* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a case that had been decided at the time of his appeal.

In *Apprendi*, the court held that any fact that increases the statutorily prescribed penalty (other than a prior conviction) must be submitted to a jury and proven beyond a reasonable doubt. In *Blakely v. Washington*, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) the court reversed the defendant's conviction (on direct review) and held that his enhanced sentence violated *Apprendi*. The Supreme Court in *Blakely* stated, "[t]his case requires us to apply the rule we expressed in *Apprendi v. New Jersey*." *Blakely*, 124 S.Ct. at 2536.

Although *Blakely* was not decided until June 2004, *Apprendi* was decided in 2000.

Noland could have made this same argument in his 2004 appeal relying on *Apprendi*. (Doc. #5, Respondent's Answer/Return of Writ, Exhibits T and V.) Indeed, Howard Blakely **did** raise such a claim in his direct appeal. *State v. Blakely*, 111 Wn. App. 851, 867, 47 P.3d 149 (Wash. Ct. App. 2002) ("He also contends the sentencing court violated the holding in *Apprendi*, 530 U.S. at 490, that requires a jury determination of the facts used to support an exceptional sentence outside the maximum range."). Blakely continued to present his claim in the highest court in Washington and in the Supreme Court of the United States. The Supreme Court of the United States granted certiorari and in 2004, issued its decision in *Blakely v. Washington*, 542 U.S. 296 (2004).

However, Noland did not raise this argument in his 2004 appeal. As a result, the claim is procedurally defaulted. *See United States v. Levy*, 379 F.3d 1241 (11th Cir. 2004).

As a consequence of Noland's failure to raise this claim in the court of appeals, the first and second factors in the *Maupin* test have been fully satisfied. *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir. 1985); *Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004). The third *Maupin* criteria has been met as the procedural rule of waiver is an adequate and independent state ground to bar habeas claims. The procedural rule serves the State's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. *See Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994).

Because Noland failed to fairly present his habeas claims to the Ohio courts, he is now required to demonstrate both cause and prejudice. Noland has failed to demonstrate "cause" because he has failed to show that an objective factor external to the defense impeded his efforts to comply with the state procedural rule. *Murray v. Carrier*, 477 U.S. at 488.

To the extent that Noland may wish to allege ineffective assistance of counsel as cause

for his procedural default, Noland procedurally defaulted his ineffective-assistance-of-appellate-counsel claim by failing to file his motion to reopen in the Ohio Court of Appeals within the time specified by Ohio Rule of Appellate Procedure 26(B). *See Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 436 (6th Cir. 2006); *Monzo v. Edwards*, 281 F.3d 568, 578 (6th Cir. 2002) (holding that Rule 26(B) is an adequate procedure under *Maupin*). "A claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for procedural default." *Smith*, 463 F.3d at 436. The Ohio Court of Appeals denied consideration of Noland's ineffective-assistance-of-appellate-counsel claim based on Noland's failure to raise the claim within the time period specified in Rule 26(B), an adequate and independent state ground. *Smith*, 463 F.3d at 436; *Monzo*, 281 F.3d at 578. Thus, ineffective assistance of appellate counsel cannot serve as cause to excuse Noland's procedural default where, as here, the claim also has been procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000).

Simply and succinctly put, under Ohio law, Noland failed to raise his claims properly in the state courts, and failed to demonstrate sufficient justification for the default in this federal action. Noland also has failed to demonstrate "prejudice" because he has failed to show a disadvantage "infecting" the trial with constitutional error. *United States v. Frady*, 456 U.S. at 168.[5] The *Maupin* criteria have been entirely satisfied.

---

[5] The Supreme Court of Ohio has held that Ohio courts now have full discretion to impose a prison term within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. *State v. Foster*, 109 Ohio St. 3d 1, 30-31, 2006 Ohio 856 (rejecting the proposed remedy of presumptive minimum sentences). Noland is unlikely to receive a lesser sentence upon resentencing where the trial judge is no longer required to make findings prior to imposing sentence and now has unfettered discretion to impose any sentence within the statutory range, and while he "may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties" on resentencing. *Foster*, 109 Ohio St. 3d at 27, 31. Noland's maximum sentence and the trial court's comments at sentencing reveal that the trial court imposed a sentence it concluded was appropriate under the facts, and that a remand would be futile. Under these circumstances, any alleged error was harmless. *Washington v. Recuenco*, 548 U.S. ____, 126 S. Ct. 2546 (2006) ("Failure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary habeas corpus case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent…" *Murray v. Carrier*, 477 U.S. at 496. Noland has not presented any evidence of actual innocence to cause the court to hear his procedurally defaulted claims where cause and prejudice cannot be shown. Noland pled guilty to the crime for which he was ultimately convicted. (Transcript pp. 34-56; Doc. #5, Respondent's Answer/Return of Writ, Exhibit B.) Thus, Noland cannot show that a constitutional violation has probably resulted in the conviction of one who is actually innocent.

---

error," but rather is subject to harmless-error analysis.)

### III. CONCLUSION

The Respondent moves this honorable federal habeas corpus Court to dismiss the habeas corpus Petition for the reasons set forth herein. Because the case can be decided from the record, no further hearing should be necessary. *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). This is not a waiver of hearing.

        Respectfully submitted,

        JIM PETRO (0022096)
        Attorney General

        s/Jerri L. Fosnaught
        JERRI L. FOSNAUGHT (0077718)
        Assistant Attorney General
        Corrections Litigation Section
        150 East Gay Street, 16th Floor
        Columbus, Ohio 43215
        (614) 644-7233
        FAX: (614) 728-9327
        jfosnaught@ag.state.oh.us

        Trial Counsel for Respondent

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing ***Respondent's Supplemental Answer/Return of Writ*** has been electronically filed, and was served upon Petitioner, Dennis Noland, #427-148, Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, Ohio 43724, via U.S. mail, postage prepaid, this 22nd day of November, 2006.

        s/Jerri L. Fosnaught
        JERRI L. FOSNAUGHT (0077718)
        Assistant Attorney General