1 of 1 DOCUMENT

JOHN S. GRABER, Petitioner, vs. DAVID BOBBY, Respondent.

CASE NO. 4:04CV1314

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

*2006 U.S. Dist. LEXIS 4994*

**February 9, 2006, Decided**

**PRIOR HISTORY:** *State v. Graber, 2003 Ohio 137, 2003 Ohio App. LEXIS 102 (Ohio Ct. App., Stark County, Jan. 13, 2003)*

**COUNSEL: [*1]** John S. Graber, Petitioner, Pro se, Leavittsburg, OH.

For David Bobby, Respondent: Bruce D. Horrigan, Office of the Attorney General, State of Ohio, Cleveland, OH.

**JUDGES:** John M. Manos, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** John M. Manos

**OPINION:**

### MEMORANDUM OF OPINION

On July 13, 2004, John S. Graber filed a *pro se* petition for a writ of habeas corpus pursuant to *28 U.S.C. § 2254*. (Docket No. 1.) On August 29, 2005, a United States Magistrate Judge recommended that the petition be denied. (Docket No. 18.) On September 9, 2005, Graber filed objections to the report and recommendation. (Docket No. 19.)

The parties have fully briefed all issues and the Court finds that an evidentiary hearing is unnecessary. See *Rule 8(a) of Rules Governing 2254 Proceedings*; *28 U.S.C. § 2254(e)*. For the following reasons, the Court adopts the report and recommendation of the magistrate judge. The petition is **DENIED.**

### I. FACTUAL BACKGROUND

On August 30, 2001, a Stark County Grand Jury indicted Graber with two counts of rape, in violation of *O.R.C. § 2907.02(A)(1)(b)*; and two counts of gross sexual imposition, **[*2]** in violation of *O.R.C. § 2907.05(A)(4)*. A jury found Petitioner guilty on all four counts.

On December 13, 2001, he was sentenced to ten years imprisonment for each rape count, to be served consecutively, and five years for each gross sexual imposition count, to be served concurrent with each other and the two rape charges. (Docket No. 10, Ex. 18, at 2-5); *State v. Graber, 2003 Ohio 137, 2003 Ohio App. LEXIS 102, *6 (5th App. Dist Jan. 13, 2003)*.

On direct appeal, Graber raised eight assignments of error:

> 1. The trial court erred by allowing a social worker to testify as to statements made to her by Jessica Graber that she was a victim of rape and gross sexual imposition by John Graber in violation of John Graber's right to due process guaranteed by the *Fourteenth Amendment to the U.S. Constitution* pursuant to Ohio Rules of Evidence 803.4 and/or 801(D)(1)(c).

> 2. The court erred in finding David Graber competent to testify at trial.

> 3. Defendant's due process rights were violated when the prosecution submitted evidence of the defendant's invocation of his right to silence and emphasized that invocation in closing argument. This violated **[*3]** defendant's rights as guaranteed by the *Fifth*, *Sixth* and *Fourteenth Amendments* under the United States Constitution.

> 4. The court erred in denying the defendant's request to introduce evidence that in 1995 Melanie Graber made allegations

that John Graber had sexually molested Jessica Graber. This ruling denied the defendant fundamental due process.

5. The defendant's trial counsel was totally inadequate and was so deficient that it constituted ineffective assistance of counsel and violated John Graber's *Sixth Amendment* right to assistance of counsel trial.

6. The court erred in admitting the medical records of Jessica Graber and David Graber that included unredacted hearsay testimony and irrelevant prejudicial statements in violation of Evidence *Rule 807* and John Graber's constitutional right to a fair trial.

7. The cumulative effect of Assignments of Error Nos. 1 through 6, result in the denial of the defendant's *Sixth Amendment* right to a fair trial and constitute a denial of his right to substantive due process in violation of the defendant's *Fourteenth Amendment* rights.

8. The court erred imposing a maximum consecutive sentence on the rape charges where **[*4]** none of the factors listed in *2929.14(C)* apply and in imposing consecutive sentences is contrary to law under *R.C. 2929.14(E)(4)*.

(Docket No. 10, Ex. 18, at 5-7); *Graber, 2003 Ohio App. LEXIS at *7-8*.

On January 13, 2003, the Ohio Court of Appeals affirmed the convictions, but reversed the sentence, in part, on the ground that the trial court did not make the necessary statutory findings to impose consecutive sentences. (Docket No. 10, Ex. 18, at 36-7); *Graber, 2003 Ohio App. LEXIS at *50-51*. On February 14, 2003, the trial court reimposed the original sentence and added the necessary statutory findings to support the imposition of consecutive sentences. (Docket No. 10, Ex. 31.)

On direct appeal, Graber raised one assignment of error:

> Whether defendant/appellant was deprived of his "notice and jury trial rights" as guaranteed by and through the *Sixth Amendment* where his sentence is not only contrary to law, *O.R.C. § 2953.08*, but is violative of the Apprendi-rule where such enhanced penalty was/is predicated on the assessment of facts which were not charged in the indictment, submitted to a jury, or proved beyond a reasonable **[*5]** doubt.

(Docket No. 10, Ex. 34A, at 2.)

On October 3, 2003, the Ohio Court of Appeals upheld the sentence, finding that it did not violate Apprendi because Graber was sentenced within the statutorily prescribed range for the offenses. (Docket No. 10, Ex. 37, at 4-5); *State v. Graber, 2003 Ohio 5364, 2003 Ohio App. LEXIS 4828, at *5 (5th App. Dist. 2003)*.

On November 12, 2003, Graber appealed to the Ohio Supreme Court and moved for leave to file a delayed appeal with regard to his convictions, arguing that, "through no fault of my own, I was precluded from appealing Case No. 2002CA00014 to this Court until now because the case was on remand to the trial court." (Docket No. 10, Ex. 21, at 2.)

On March 3, 2004, the Ohio Supreme Court denied his motion for leave to file a delayed appeal with regard to his convictions. (Docket No. 10, Ex 22); *State v. Graber, 101 Ohio St.3d 1466, 2004 Ohio 819, 804 N.E.2d 40 (Ohio 2004)*. It also denied leave to appeal his sentence on the ground that it did involve any substantial constitutional question. (Docket No. 10, Ex. 40); *State v. Graber, 101 Ohio St.3d 1467, 2004 Ohio 819, 804 N.E.2d 41 (Ohio 2004)*.

On August 19, 2004, the United States Supreme Court **[*6]** denied certiorari. *Graber v. Ohio, 543 U.S. 1058, 125 S. Ct. 868, 160 L. Ed. 2d 784 (2005)*.

On February 20, 2004, while his dual appeals to the Ohio Supreme Court were pending, Graber moved, pursuant to Ohio App. R. 26(B), to re-open his original appeal on the ground that his appellate counsel was ineffective. He raised one assignment of error:

> Whether defendant/ appellant was denied due process of law and a fair trial as guaranteed by and through the *Fifth* and *Fourteenth Amendments of the U.S. Constitution* and *Article I, Section 16 of the Ohio Constitution*, where the prosecutor violated the Code of Professional Responsibility, *DR 7-106(C)(2), (3)*(and *(4)*, where the prosecutor;

(A) prejudiced the jury with repeated and inflaming remarks which contain on probative value.

(B) infringed upon the role of the jury by questioning every defense witness as to the veracity of the complaining witnesses.

(C) infringed upon the role of the jury by repeatedly vouching as to the veracity of the complaining witnesses.

(Docket No. 10, Ex. 23, at 2.)

On March 15, 2004, the Ohio court of appeals denied the application on the ground that Graber did not show good cause for its untimeliness. [*7] (Docket No. 10, Ex 25).

On April 16, 2004, Graber again appealed to the Ohio Supreme Court, raising three propositions of law:

1. Defendant / appellant was denied effective assistance of appellate counsel as guaranteed by and through the *Sixth* and *Fourteenth Amendments of the U.S. Constitution* and *Article One, Section Ten of the Ohio Constitution* where appellate counsel failed to follow the *Rules of Appellate Procedure 12* and *16*.

2. In contravention of the guarantees of the *Sixth* and *Fourteenth Amendments of the U.S. Constitution* and *Article One, Section Ten of the Ohio Constitution*, the Court of Appeals, Fifth Appellate District, erred by denying defendants' / appellants' application for reopening pursuant to Appellate Rule 26(B), for exceeding the ninety (90) day time limit, where defendant / appellant has shown good cause.

3. Defendant / Appellant was denied due process of law and a fair trial as guaranteed by and through the *Fifth* and *Fourteenth Amendments of the U.S. Constitution* and *Article One, Section Sixteen of the Ohio Constitution*, where the prosecutor violated the Code of Professional Responsibility, *DR 7-106(C)(2)*, *(3)*(and *(4)*, where the prosecutor; [*8]

(A) prejudiced the jury with repeated and inflaming remarks which contain on probative value.

(B) infringed upon the role of the jury by questioning every defense witness as to the veracity of the complaining witnesses.

(C) infringed upon the role of the jury by repeatedly vouching as to the veracity of the complaining witnesses.

(Docket No. 10, Ex. 27, at 2.) On June 23, 2004, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. (Docket No. 10, Ex. 29); *State v. Graber, 102 Ohio St.3d 1485, 2004 Ohio 3069, 810 N.E.2d 968 (Ohio 2004)*.

On July 27, 2004, Graber filed a petition for postconviction relief in the state trial court, pursuant to *O.R.C. § 2953.21*. (Docket No. 10, Ex 41.) On October 22, 2004, the trial court denied the petition as untimely. On May 16, 2005, the Ohio court of appeals affirmed. *State v. Graber, 2005 Ohio 2413, 2005 Ohio App. LEXIS 2290 (5th App. Dist May 16, 2005)*.

On July 13, 2004, Graber filed the current petition, raising eight grounds:

1. Petitioner was denied due process of law and a fair trial as guaranteed by and through the *Fifth*, *Sixth*, and *Fourteenth* [*9] *Amendments of the U.S. Constitution* and *Article I, Section 16 of the Ohio Constitution*, where the prosecutor violated petitioner's Miranda rights and violated the Code of Professional Responsibility, *DR 7-106(C)(2)*, *(3)*(and *(4)*, where the prosecutor;

(A) violated petitioner's Miranda rights, by eliciting prejudicial testimony from Detective Armstrong that

petitioner refused to talk to him, thereby implying guilt by silence, and reiterating this prejudicial testimony in closing arguments.

(B) prejudiced the jury with repeated and inflaming remarks which contain no probative evidence.

(C) infringed upon the role of the jury by questioning every defense witness as to the veracity of the complaining witnesses.

(D) infringed upon the role of the jury by repeatedly vouching as to the veracity of the complaining witnesses.

2. Petitioner was denied due process of law and a fair trial as guaranteed by and through the *Sixth*, and *Fourteenth Amendments of the U.S. Constitution* and *Article I, Section 16 of the Ohio Constitution*, where by the trial court erroneously permitted prejudicial hearsay testimony.

3. Petitioner was denied due process of law and a fair trial [*10] as guaranteed by and through the *Sixth*, and *Fourteenth Amendments of the U.S. Constitution* and *Article I, Section 16 of the Ohio Constitution*, where the trial court erroneously admitted the medical records of Jessica and David Graber, which included unredacted highly prejudicial hearsay statements.

4. Petitioner was denied due process of law and a fair trial as guaranteed by and through the *Sixth*, and *Fourteenth Amendments of the U.S. Constitution* and *Article I, Section 16 of the Ohio Constitution*, when the trial court erred by refusing to admit evidence of prior false allegations.

5. Petitioner was denied due process of law and a fair trial as guaranteed by and through the *Sixth*, and *Fourteenth Amendments of the U.S. Constitution* and *Article One, Section Ten of the Ohio Constitution*, when trial counsel repeatedly failed to make timely objections to prejudicial statements and testimony.

6. Petitioner was denied due process of law and a fair trial as guaranteed by and through the *Fifth*, *Sixth*, and *Fourteenth Amendments of the U.S. Constitution* and *Article one, Section's Ten* and *Sixteen of the Ohio Constitution*, by the cumulative effect of Ground One through Ground Six. [*11]

7. Defendant / Petitioner was deprived of his "notice and jury trial rights" as guaranteed by and through the *Sixth Amendment* where his sentence is not only contrary to law, *O.R.C. § 2953.08*, but is violative of the Apprendi - rule where such enhanced penalty was / is predicated on the assessment of facts which were not charged in the indictment, submitted to a jury, or proved beyond a reasonable doubt.

8. Petitioner was denied effective assistance of appellate counsel as guaranteed by and through the *Sixth*, and *Fourteenth Amendments of the U.S. Constitution* and *Article One, Section Ten of the Ohio Constitution* where appellate counsel failed to follow the *Rules of Appellate Procedure 12* and *16*.

(Docket No. 1.)

Respondent argues that all but the seventh ground are barred by procedural default. (Docket No. 10-1, at 2.) He also argues that the seventh ground lacks merit. Id. at 22-25.

## II. STANDARD OF REVIEW

This petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), *28 U.S.C. § 2254*, which allows a federal court to grant an application for a writ of habeas corpus on [*12] behalf of a state prisoner with respect to any claim that was adjudicated on the merits in two limited circumstances: (1) if the state court decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;" or (2) if the state court decision "was based on an unreasonable determination of the facts

in light of the evidence presented in the State court proceeding." *28 U.S.C. § 2254(d)(1-2)*.

A state court decision is "contrary to" clearly established federal law "if the court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." *Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)*; *Lorraine v. Coyle, 291 F.3d 416, 421-22 (6th Cir. 2003)*. A state court decision constitutes an "unreasonable application" when "the state court identified the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. **[*13]** " *Id.*; *Lorraine, 291 F.3d at 422*.

However, a state court decision is not unreasonable simply because the federal court concludes that it is erroneous or incorrect. *Id. at 411*; *Lorraine, 291 F.3d at 422*. Rather, the federal court must determine whether the state court decision is an objectively unreasonable application of federal law. *Id. at 410-12*; *Lorraine, 291 F.3d at 422*.

The pleadings of *pro se* petitioners are held to less stringent standards than lawyers and are liberally construed. *Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)*. n1

> n1 Graber alleges several violations of the Ohio law. However, federal habeas relief is not available for a claim alleging a violation of state law. *28 U.S.C. § 2254(d)*; *Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990)*. Thus, the Court will focus solely on claims alleging violations of federal law.

### III. PROCEDURAL DEFAULT

A petitioner must exhaust **[*14]** state remedies before a federal court may review a petition for habeas relief. *28 U.S.C. § 2254(b)(1)(A)*; *Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971)*. The exhaustion requirement is satisfied if the highest state court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims. *Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994)* (citing *Manning v. Alexander, 912 F.2d 878, 880-81 (6th Cir. 1990)*.

When a state court does not address a prisoner's federal claims because the prisoner did not meet state procedural requirements, the state court decision rests on independent and adequate state grounds and federal habeas relief is barred. *Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991)*. A federal court is barred from hearing issues that are procedurally defaulted, unless a petitioner can demonstrate cause and prejudice, or that not considering the claim will result in a miscarriage of justice. *Id. at 750*; *Bonilla v. Hurley, 370 F.3d 494, 497 (6th Cir. 2004)*.

The Sixth Circuit applies a four-part test to **[*15]** determine whether a claim is procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Buell v. Mitchell, 274 F.3d 337, 348 (6th Cir. 2001)*.

Here, Respondent argues that Graber procedurally defaulted his first six claims, which were asserted as assignments of error in his unsuccessful direct appeal. n2 Indeed, Graber missed his deadline and attempted to file a delayed appeal with the Ohio Supreme Court. **[*16]** The state court denied him leave without reaching the merits. (Docket No. 10, Ex 22); *State v. Graber, 101 Ohio St.3d 1466, 2004 Ohio 819, 804 N.E.2d 40 (Ohio 2004)*. The Sixth Circuit has specifically held that the denial of a motion for leave to file a delayed appeal is a procedural ruling sufficient to bar habeas review. *Bonilla v. Hurley, 370 F.3d 494, 497 (6th Cir. 2004)* (per curiam). Thus, Graber's first six claims are procedurally defaulted. *Id.*

> n2 Graber's first, second, third, fourth, fifth, and sixth claims correspond respectively to his third,

first, sixth, fourth, fifth, and seventh assignments of error in his direct appeal. Compare Docket No. 1 § 12A-F with Docket No. 10, Ex. 18, at 5-7.

Respondent also argues that Graber procedurally defaulted his eighth claim. n3 Indeed, Graber filed a motion to reopen his direct appeal to include an ineffective assistance of appellate counsel claim with the state appellate court, which denied the application as untimely. (Docket No. 10, Ex [*17] 25). The Sixth Circuit has also specifically held that the denial of an application to reopen an appeal as untimely pursuant to the "good cause" requirement of Ohio App. R. 26(B) is a procedural ruling sufficient to bar habeas review. *Monzo v. Edwards, 281 F.3d 568, 578 (6th Cir. 2002)*. Thus, Graber's eighth claim is also procedurally defaulted. Id.

> n3 Graber's eighth claim was raised in his motion to reopen his original appeal pursuant to Ohio App. R. 26(B). Compare Docket No. 1 § 12H with Docket No. 10, Ex. 23A, at 4 ("Appellant seeks to reopen this appeal based on Ineffective Assistance of Appellate Counsel).

However, the Court may nonetheless address the merits of a procedurally defaulted claim if the petitioner can establish cause for not following the state procedural rule. *Coleman, 501 U.S. at 750*; *Bonilla, 370 F.3d at 497*. To establish cause, Graber must show that "some objective factor external to the defense" prevented his compliance [*18] with the state procedural rule. *Bonilla, 370 F.3d at 498* (quoting *Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986))*.

Here, with regard to his untimely direct appeal, Graber argues that he was confused about how to proceed with his direct appeal because part of his sentence was remanded back to the trial court for re-sentencing. However, his misconception concerning state procedural rules is not an external factor sufficient to establish cause. *Bonilla, 370 F.3d at 498*. With regard to his application to reopen his direct appeal, Graber argues that his *pro se* status and his restricted access to the prison law library prevented him from complying with the state procedural rule. However, his *pro se* status is not an external factor sufficient to establish cause. Id. Moreover, his complaints regarding access to the prison law library indicate that he had trouble accessing the library in October and November 2003, well after the deadline for his application had already passed. (Docket No. 10, Ex. 23B, ex. M, 6-17.) Indeed, his application exceeded the 90-day limit by almost a year. Nonetheless, within that same time period, he managed [*19] to appeal his sentence to the Ohio Supreme Court and file a motion for leave to file a delayed direct appeal. Thus, the Court concludes that he has not established sufficient cause to excuse his noncompliance with the state procedural rules. n4

> n4 Because the Court concludes that Graber has not established cause, it need not consider the issue of prejudice. *Bonilla, 730 F.3d at 497*.

Nor has he demonstrated that his claimed constitutional errors led to a "fundamental miscarriage of justice," that is, "the conviction of one who is actually innocent." *Coleman, 501 U.S. at 748*; *Murray, 477 U.S. at 496*.

Thus, the petition, with respect to the first, second, third, fourth, fifth, sixth, and eighth claims, is denied because of procedural default. n5

> n5 In his objections to the magistrate judge's report and recommendation, Graber does not object to the finding that his first, second, third, fourth, fifth, sixth, and eight claims are procedurally defaulted. (Docket No. 19.)

[*20]

### IV. APPRENDI VIOLATIONS

The sole remaining claim alleges a violation of *Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)*. In Apprendi, the Supreme Court held that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id. at 490*. The Supreme Court then distinguished between a "sentencing factor" and a "sentencing enhancement." A sentencing factor "describes a circumstance, which may be either aggravating or mitigating in character, that supports a specific sentence within the range authorized by the jury's finding that the defendant is guilty of a particular offense." *Id. at 494 n.19*. A sentencing enhancement "describe[s] an increase beyond the maximum authorized statutory sentence, it is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict." Id.

Graber challenges his sentence under *O.R.C. § 2929.14*, which states, in pertinent part:

> (A) . . . if the court imposing a sentence [*21] upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:
>
>> (1) For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years.
>
> (B) . . . if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
>
>> (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
>>
>> (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

*O.R.C. § 2929.14*. Here, the trial court found, pursuant to *§ 2929.14(B)(2)*, that "the shortest prison term would demean the seriousness of the defendant's conduct and would not adequately [*22] protect the public from future crime by the defendant or others." (Docket No. 10, Ex. 31, at 3.) Thus, instead of the shortest prison term (three years), Graber was sentenced to ten years for each rape count. Id. Graber argues that these additional findings, pursuant to *§ 2929.14(B)(2)*, constitute impermissible fact-finding in violation of Apprendi.

Ohio courts have split on the issue. For example, in State v. Montgomery, the First District Court of Appeals stated:

> Under *R.C. 2929.14(B)*, the only prison term a sentencing court can impose on an offender who has not previously served a prison term, without making additional findings, is the minimum prison term allowed by law for the offense. Thus, we hold that the statutory maximum for an offender who has not previously served a prison term is the minimum prison term allowed by law for the offense.

*159 Ohio App. 3d 752, 756-57, 2005 Ohio 1018, 825 N.E.2d 250 (2005)*. The court reasoned that the statute's use of the word "shall" requires the sentencing court to impose the statutory minimum unless it makes additional findings under *O.R.C. § 2929.14(B)*. *Id. at 757*. Thus, the court concluded, [*23] *O.R.C. § 2929.14(B)* is unconstitutional to the extent that it allows a sentencing court to increase the presumptive sentence in the absence of jury findings or admissions by the defendant. *Id. at 758-59*.

In *State v. Combs, 2005 Ohio 1923, 2005 Ohio App. LEXIS 1819 (Apr. 25, 2005)*, the Twelfth District Court of Appeals disagreed:

> The provisions in *R.C. 2929.14(B)* limit the sentence a court may impose to the statutory range provided in *R.C. 2929.14(A)* and [require] the court to impose an appropriate sentence in light of the offender's real conduct. *R.C. 2929.14(B)* is not mandatory, but advisory, and does not permit a sentencing court to impose any sentence beyond that which is permitted by *R.C. 2929.14(A)*.

*Id. at *27*. According to the Combs court, "the findings a sentencing court makes pursuant to *R.C. 2929.14(B)(1)-(2)* merely assist the court in determining the appropriate sentence from within the range set in *R.C. 2929.14(A)* while taking into account the offender's real conduct." *Id. at *10*. In *State v. Trubee, 2005 Ohio 552, 2005 Ohio App. LEXIS 592 (Feb. 14, 2005)*, the Third District Court of Appeals agreed, [*24] reasoning that the sentencing "range" created by *O.R.C. § 2929.14(B)* does not create a statutory maximum, rather, it places a limit on a defendant's potential sentence within the statutory range created by *O.R.C. § 2929.14(A)*. *Id. at *15*. n6

n6 Indeed, all Ohio appellate courts to address the issue, except the First Appellate District, agree with this conclusion. See *State v. Trubee, 2005 Ohio 552, 2005 Ohio App. LEXIS 592 (3d App. Dist. Feb. 14, 2005)*; *State v. West, 2005 Ohio 3485, 2005 Ohio App. LEXIS 3234 (4th App. Dist. Jun. 29, 2005)*; *State v. Hughett, 2004 Ohio 6207, 2004 Ohio App. LEXIS 5668 (5th App. Dist. Nov. 18, 2004)*; *State v. Curlis, 2005 Ohio 1217, 2005 Ohio App. LEXIS 1201 (6th App. Dist. Mar. 18, 2005)*; *State v. Atkins-Boozer, 2005 Ohio 2666, 2005 Ohio App. LEXIS 2522 (8th App. Dist. May 31, 2005)*; *State v. Rowles, 2005 Ohio 14, 2005 Ohio App. LEXIS 8 (9th App. Dist. Jan. 5, 2005)*; *State v. Abdul-Mumin, 2005 Ohio 522, 2005 Ohio App. LEXIS 527 (Feb. 10, 2005)*; *State v. Semala, 2005 Ohio 2653, 2005 Ohio App. LEXIS 2503 (11th App. Dist. May, 27, 2005)*; *State v. Combs, 2005 Ohio 1923, 2005 Ohio App. LEXIS 1819 (12th App. Dist. Apr. 25, 2005)*; but see *State v. Montgomery, 159 Ohio App. 3d 752, 2005 Ohio 1018, 825 N.E.2d 250 (1st App. Dist 2005)*.

 **[*25]**

The Court agrees with the majority of Ohio appellate courts that *O.R.C. § 2929.14(B)* is constitutional in light of Apprendi. In this case, *O.R.C. § 2929.14(A)* sets up a statutory range of three (3) to ten (10) years. *Section 2929.14(B)* merely places a limit on a sentencing judge within that range, requiring the sentencing judge to take into account the defendant's real conduct. Indeed, sentencing determinations relating to the seriousness of the offense and the need to adequately protect the public have traditionally been within the domain of judges. See *United States v. Harris, 536 U.S. 545, 560, 122 S. Ct. 2406, 153 L. Ed. 2d 524 (2002)*.

In his first three objections to the report and recommendation, Graber essentially advocates the position articulated by the First District Court of Appeals in *State v. Montgomery, 159 Ohio App. 3d 752, 2005 Ohio 1018, 825 N.E.2d 250 (2005)*. (Docket No. 19, at 3-11.) He argues that the statute's use of the word "shall" requires the sentencing court to impose the shortest prison term unless it engages in additional fact-finding in violation of Apprendi.

The Court disagrees in light of *State v. Edmonson, 86 Ohio St. 3d 324, 1999 Ohio 110, 715 N.E.2d 131 (1999)*. **[*26]** In Edmonson, the Ohio Supreme Court construed *O.R.C. § 2929.14(B)* to mean that "unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." *Id. at 326*. In other words, *O.R.C. § 2929.14(B)* merely requires that if the sentencing judge chooses to impose a sentence beyond the statutory minimum, that sentence should reflect certain statutorily sanctioned factors traditionally left to the discretion of judges. Moreover, it does not require an increased sentence if the additional findings are made, rather, the decision is left to the sound discretion of the sentencing judge. Thus, the Court concludes that the Ohio Supreme Court's construction of *O.R.C. § 2929.14(B)* is constitutional in light of Apprendi.

Indeed, in this very case, the Fifth District Court of Appeals found that Graber's sentence did not violate Apprendi because he was sentenced **[*27]** within the statutorily prescribed range set forth in *O.R.C. § 2929.14(A)*. (Docket No. 10, Ex. 37, at 4-5); *Graber, 2003 Ohio App. LEXIS 4828 at *5*. Graber has not demonstrated that this decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. n7 The petition, with respect to the seventh claim, is denied.

n7 In his final objection, Graber argues that his classification as a sexual predator pursuant to *O.R.C. § 2950.09*, which requires him to register with local authorities every ninety days, is unconstitutional under Apprendi. However, the Court agrees that state registration requirements are not punitive in nature because they enhance the remedial purpose of allowing law enforcement to better protect the public and do not restrain the defendant in any way. *State v. Cook, 83 Ohio St. 3d 404, 1998 Ohio 291, 700 N.E.2d 570 (1998)*; *Young v. State, 370 Md. 686, 806 A.2d 233 (Md. 2002)*; *Commonwealth v. Williams, 574 Pa. 487, 832 A.2d 962 (Pa. 2003)*. Thus, *Apprendi* does not apply.

 **[*28]**

### III. CONCLUSION

For the foregoing reasons, Graber's petition for a writ of habeas corpus is **DENIED.** The Court certifies that an appeal cannot be taken in good faith because Graber has not made a substantial showing of the denial of a constitutional right. See *Federal Rule of Appellate Procedure 22(b)*; *28 U.S.C. § 2253(c)*. The Court also certifies that a motion to proceed *in forma pauperis* on appeal cannot be well taken. See *28 U.S.C. § 1915(a)(3)*.

**IT IS SO ORDERED.**

**Date: February 9, 2006**

*/s/ John M. Manos*

**UNITED STATES DISTRICT JUDGE**