Skinner et al v. New York Times Company — Doc. 23 Att. 3

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0041n.06
Filed: January 17, 2007

No. 05-3534

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| **RENARDO MINOR,** | ) |
| *Petitioner-Appellant,* | ) ON APPEAL FROM THE ) UNITED STATES DISTRICT ) COURT FOR THE NORTHERN |
| v. | ) DISTRICT OF OHIO ) |
| **JULIUS WILSON, Warden,** | ) **O P I N I O N** ) |
| *Respondent-Appellee.* | ) |

**BEFORE: DAUGHTREY and COLE, Circuit Judges; RESTANI, Judge.**[*]

**R. GUY COLE, JR., Circuit Judge.** Petitioner-Appellant Renardo Minor, an Ohio state prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. After a jury convicted Minor of aiding and abetting aggravated robbery and aiding and abetting aggravated murder, an Ohio trial court sentenced him to consecutive, as opposed to concurrent, prison terms. Minor argues that, because the trial court did not make the required statutory findings necessary to sentence an offender to consecutive prison terms, he was denied the effective assistance of appellate counsel when his attorney failed on direct appeal to challenge the trial court's improper imposition of consecutive sentences. For the reasons that follow, we **AFFIRM** the judgment of the district court.

---

[*]The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

dockets.Justia.com

## I. BACKGROUND

Minor's two friends, Ronald Leaks and Lawrence Holder, robbed a Papa Johnny's Drive Thru in Mansfield, Ohio. During the robbery, Holder shot to death a store clerk with a handgun. Although a videotape of the robbery and murder identified only Leaks and Holder as the perpetrators, evidence adduced at trial showed that Minor drove with Leaks and Holder from Atlanta, Georgia, to Mansfield, Ohio, and back in a car that Minor rented; that Minor obtained the handgun that was ultimately used to commit the crimes; and that the authorities apprehended Minor in the company of Leaks and Holder within a couple hours after the murder. A jury convicted Minor of aiding and abetting aggravated robbery, Ohio Rev. Code § 2911.01(A)(1) (1999), and aiding and abetting aggravated murder, Ohio Rev. Code § 2903.01(B) (1999). Thereafter, the trial court sentenced Minor to consecutive prison terms totaling thirty-three years to life, the statutory maximum. Minor received twenty years to life for aiding and abetting aggravated murder, ten years to life for aiding and abetting aggravated robbery, and three years because a firearm was used in the commission of the crimes.

A string of appeals and state collateral attacks followed. Most relevant to the instant habeas petition, Minor presented as an assignment of error, to both the Ohio Supreme Court and the Fifth Judicial District Court of Appeals (in a motion to reopen his appeal), that his appellate counsel was constitutionally ineffective for failing to appeal the trial court's allegedly improper imposition of consecutive sentences. Both courts denied the claim without addressing the merits.

After exhausting state remedies, Minor, through counsel, filed a petition for a writ of habeas corpus in federal district court under 28 U.S.C. § 2254. Minor raised two grounds for relief: (1) he

was denied the right to effective assistance of trial counsel; and (2) he was denied the right to effective assistance of appellate counsel as guaranteed by the Sixth Amendment to the United States Constitution. The district court denied Minor's habeas petition, concluded that an appeal would be frivolous, and found no basis to issue a certificate of appealability. After Minor made a substantial showing of a denial of a constitutional right, however, this Court granted Minor a certificate of appealability solely on his ineffective-assistance-of-appellate-counsel claim.

The only issue now before us is whether Minor received constitutionally ineffective assistance of appellate counsel. Minor argues that the sentencing court failed to make the required statutory findings necessary to sentence an offender to consecutive prison terms, and, therefore, he was denied effective assistance of appellate counsel when his attorney failed to challenge his sentence on direct appeal.

## II. DISCUSSION

### A. Standard of Review

"This court applies de novo review to the decision of the district court in a habeas corpus proceeding." *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000). Minor filed his federal habeas corpus petition after the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified principally at 28 U.S.C. § 2254(d). Generally, AEDPA requires federal courts to give deference to state court judgments when reviewing habeas petitions. *See* 28 U.S.C. § 2254(d). AEDPA, however, by its own terms, is applicable only to habeas claims that were "adjudicated on the merits in State court . . . ." *Id*. Where, as here, no state court ever assessed the merits of a claim properly raised in a habeas petition, any deference due under AEDPA does not apply. *See Maples*

*v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003). "Instead, this court reviews questions of law and mixed questions of law and fact de novo." *Id.* (citing *Williams v. Coyle*, 260 F.3d 684, 706 (6th Cir. 2001)).

### B. Ineffective Assistance of Appellate Counsel

"There is no doubt that there is a constitutional right to effective assistance of counsel during a direct appeal as of right." *Smith v. State of Ohio Dept. of Rehab. & Corr.*, 463 F.3d 426 (6th Cir. 2006). In evaluating a claim of ineffective assistance of appellate counsel, we look to the analysis established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003). The *Strickland* test involves two prongs: (1) the performance prong, where a petitioner is required to show that his attorney's representation "fell below an objective standard of reasonableness"; and (2) the prejudice prong, which requires the petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. "[I]n reviewing a lawyer's performance, a court's scrutiny . . . must be highly deferential." *Caver v. Straub*, 349 F.3d 340, 348-49 (6th Cir. 2003) (citations omitted); *accord Strickland*, 466 U.S. at 689 (noting a "strong presumption" that counsel's conduct is reasonable). A fair assessment of attorney performance requires that every effort be made "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

1. <u>Performance</u>

The relevant felony-sentencing provisions of the Ohio Revised Code create a presumption

that all offenders receive concurrent sentences, overcome only by judicial factfinding.[1] *See* Ohio Rev. Code § 2929.41(A) (1999) ("[A] prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term."); *State v. Comer*, 793 N.E.2d 473, 476 (Ohio 2003) ("Ohio appears to be unique in having a rule that sentences of imprisonment shall be served concurrently."). The Ohio legislature enacted these provision establishing a public policy disfavoring maximum sentences except for the most deserving offenders. *State v. Edmonson*, 715 N.E.2d 131, 135 (Ohio 1999). Accordingly, a trial court may not impose consecutive sentences for multiple offenses unless it finds three statutory factors. Ohio Rev. Code § 2929.14(E)(4) (1999); *Comer*, 793 N.E.2d at 476. First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Ohio Rev. Code § 2929.14(E)(4) (1999). Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id*. Third, the court must find the existence of one of the following three enumerated circumstances: (a) the offender committed the offenses while awaiting trial or sentencing, under sanction, or under post-release control; (b) the harm caused by the multiple offenses was so great or unusual that no single prison term adequately reflects the seriousness of the offender's conduct; or (c) the offender's history

---

[1]In 2006, well after Minor exhausted all direct appeals, Ohio's sentencing law dramatically changed when the Ohio Supreme Court severed portions held to violate the Sixth Amendment right to jury trial as set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). *See State v. Foster*, 845 N.E.2d 470 (Ohio 2006). Minor does not benefit from this change in Ohio's felony-sentencing structure for two reasons: (1) the change is applicable only to those cases pending on direct review; and (2) the new structure actually works to Minor's detriment, as trial courts are now no longer required to make any findings or give any reasons when imposing consecutive sentences. *See id.* at 498-99.

of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Ohio Rev. Code § 2929.14(E)(4)(a)-(c) (1999). In addition to these findings, in accordance with section 2929.19(B)(2)(c), a trial court must also give its reasons for each one. *See Edmonson,* 715 N.E.2d at 135 (explaining that a trial court must support its findings with reasons before imposing a sentence that departs from the minimum).

Minor's argument that appellate counsel was constitutionally deficient is premised on his contention that his sentence violated Ohio Revised Code sections 2929.14(E)(4) and 2929.19(B)(2)(c). Because, Minor argues, lax sentencing practices are a well-known problem, any competent appellate attorney would have recognized that the sentence was not supported by the necessary findings and raised the issue on appeal. Julius Wilson (the "Warden") argues, and the district court agreed, that the trial court complied with sections 2929.14(E)(4) and 2929.19(B)(2)(c). Therefore, the Warden contends, because Minor cannot sustain his underlying allegation that the trial court erred in sentencing him, Minor could not have been denied effective assistance of appellate counsel. In the alternative, the Warden argues that even if the trial court did err in sentencing Minor consecutively, appellate counsel may have failed to raise the error for strategic reasons.

As a threshold matter, we must first determine whether the Richland County Court of Common Pleas complied with sections 2929.14(E)(4) and 2929.19(B)(2)(c). If it did, then Minor's appellate counsel's performance could not have been constitutionally deficient when she failed to raise the sentencing "error" on appeal. *See McFarland v. Yukins*, 356 F.3d 688, 699-700 (6th Cir. 2004) ("[W]e have to decide whether there is a reasonable probability that the claim would have prevailed at the time counsel failed to raise it."); *Willis v. Smith*, 351 F.3d 741, 746 (6th Cir. 2003)

("Because [defendant's claim] lacks merit, his appellate counsel's failure to raise that claim on direct appeal cannot be deemed constitutionally deficient performance."); *accord Hooks v. Ward*, 184 F.3d 1206, 1221 (10th Cir. 1999) ("When considering a claim of ineffective assistance of appellate counsel for failure to raise an issue, we look to the merits of the omitted issue.")

The record reveals that the Ohio trial court did not find the three statutorily enumerated factors necessary to sentence Minor to consecutive prison terms under section 2929.14(E)(4). In sentencing Minor, the trial court used a standard sentencing-entry form to note its findings. On this form, the trial judge checked boxes next to the following relevant findings: (1) "the harm caused was great or unusual"; and (2) "the shortest prison term will demean the seriousness of the offense and will not adequately protect the public." (Joint Appendix 43.) Together, these are enough to fulfill only two of the three required section 2929.14(E)(4) factors—the finding that the public must be protected satisfies the first required factor, and the finding that the harm caused was great or unusual satisfies the third required factor. Absent from the sentencing-entry form, however, is anything that would satisfy the second required factor that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." Ohio Rev. Code § 2929.14(E). Moreover, the trial court never orally stated this missing finding at the sentencing hearing. *See State v. McCullough*, No. 98AP-988, 1999 WL 536647, at *4 (Ohio Ct. App. July 27, 1999) ("[A] trial court's imposition of a sentence will be found to have complied with [section] 2929.14 if the transcript of the sentencing hearing demonstrates that the trial court considered the necessary criteria and made the necessary findings.") (citation and quotation marks omitted). Therefore, the trial court's imposition of consecutive sentences violated section

2929.14(E).

"The question, then, is whether a reasonable appellate attorney could conclude that [this sentencing error] was not worthy of mention on appeal." *See Range v. United States*, No. 93-00477, 1994 WL 252643, at *3 (6th Cir. June 9, 1994). Appellate counsel decides which issues to pursue on appeal, and there is no duty to raise every possible claim. *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). Instead, the "process of 'winnowing out weaker arguments on appeal and focusing on those most likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.'" *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones*, 463 U.S. at 751-52). "Generally, only when ignored issues are *clearly stronger* than those presented, will the presumption of effective assistance of counsel be overcome." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1985)) (emphasis added).

Here, we cannot conclude that this improper-sentencing issue is *clearly stronger* than the other six issues Minor's attorney presented on appeal so as to render her performance constitutionally deficient. These other six issues challenged the admission of incriminating evidence, the sufficiency of the evidence to sustain Minor's conviction, and the effectiveness of trial counsel for failing to make various evidentiary objections. Each issue substantively attacked the legitimacy of Minor's underlying conviction. For instance, Minor's first assignment of error on direct appeal challenged the admission of a codefendant's (i.e., Leaks's) confession, which also implicated Minor, as violating *Bruton v. United States*, 391 U.S. 123 (1968). Because the State conceded that its entire case against Minor was built on circumstantial evidence, it would not have been unreasonable for Minor's appellate counsel to argue that the prejudicial effects of admitting

Leaks's confession affected the outcome of Minor's trial. Success on this issue, or any of the assignments of error, would have resulted in the appellate court vacating Minor's conviction and a retrial. *See, e.g.*, *State v. Henry*, 523 N.E.2d 877, 880 (Ohio Ct. App. 1987) (explaining that "reversal of the ensuing criminal conviction" is appropriate where the prejudicial effect of a *Bruton* violation is not harmless) (citing *Schneble v. Florida*, 405 U.S. 427, 430 (1972)).

In contrast, success on the improper-sentencing issue would have resulted only in a temporary victory. At best, had appellate counsel raised the issue on appeal, the reviewing court would have remanded the case for resentencing. Ohio Rev. Code § 2953.08(G) (1999) ("[I]f the sentencing court failed to state the required findings on the record, the court hearing an appeal . . . shall remand the case to the sentencing court and instruct the sentencing court to state, on the record, the required findings."); *see also, e.g., State v. Martin*, 736 N.E.2d 907, 912 (Ohio Ct. App. 1999) (vacating sentence and remanding with the instructions to consider the specific sentencing factors set forth in section 2929.14(E)(4)); *State v. Crowell,* No. CA98-10-019, 1999 WL 527825, at *4 (Ohio Ct. App. June 14, 1999) (same). Given the nature of Minor's convictions, appellate counsel could reasonably have believed that Minor would have received the exact same sentence on remand. Minor does not argue, and the record does not indicate, that the nature of his crimes were substantively insufficient to support the imposition of consecutive sentences, but rather only that the trial judge procedurally erred when he failed to make one of the statutorily required findings.[2]

Although resentencing is not a rubberstamp in every case, it was not professionally

---

[2]We do not intend to imply that procedural errors are in any way less worthy of mention on appeal than substantive errors. We merely hold that a reasonable attorney could have concluded that this particular procedural error was not worthy of mention on appeal.

unreasonable for Minor's appellate counsel to conclude that it would be in Minor's case. Based on the sentencing-entry form, it is clear that the trial judge intended to sentence Minor to consecutive prison terms. Most notably, on the sentencing-entry form he wrote that the multiple counts are to be served "consecutively." This is not a case where the trial judge accidentally sentenced the offender to consecutive prison terms. Moreover, the trial judge expressly found on the sentencing-entry form that the harms caused by Minor's crimes were great or unusual, that the minimum prison term would demean the seriousness of the offense and not adequately protect the public, and that Minor had committed the worst form of the offense.

A review of the sentencing transcript further supports the trial judge's intention to impose consecutive sentences. During the sentencing hearing, the judge made clear that he was particularly disturbed by the circumstances of Minor's crimes. First, the crimes were part of an interstate crime spree originating in Georgia. Second, there was a day-long effort to obtain the handgun, making the crimes appear at least somewhat premeditated. Third, the victim was a productive member of the community who supported his family and counseled local youths. Fourth, Minor had numerous prior convictions and arrests involving guns, cocaine, battery, and domestic violence. Fifth, Minor's offenses seemed to be getting worse—guns and drugs soon became robberies and murders. Finally, Minor appeared without remorse and refused to assist in the prosecution absent promises of extraordinary leniency. Based on the trial judge's statements and express findings, a reasonable attorney could have concluded that raising the sentencing error on appeal, even if successful, would have resulted in the trial judge reimposing the identical sentence on remand. *Cf. Wilson v. Hurley*, 108 F. App'x 375, 380 (6th Cir. 2004) ("It is not unreasonable for the Ohio Court of Appeals to

determine that [defendant's] counsel might have viewed the trial court's statements as an indication that if he were resentenced the outcome would be the same.")

Minor argues that there is no conceivable strategic advantage for excluding a potentially meritorious sentencing error on appeal. He contends that, because he received the harshest possible prison term authorized by statute, there was no danger of receiving a longer sentence on remand. Although Minor is correct that he had nothing to lose by raising the issue, he fails to establish that he had anything to gain, such that we must find that appellate counsel's performance was constitutionally deficient for failing to raise it. To reiterate, there is nothing to indicate, and Minor does not now argue, that the sentencing court would not have reimposed consecutive sentences had the case been remanded for resentencing. By all accounts, the court would have simply articulated the missing finding on the record, sending Minor back to prison to serve out consecutive sentences.

2. Prejudice

Because we conclude that Minor's appellate counsel's performance was not professionally unreasonable, we need not address whether counsel's failure to raise the sentencing issue on appeal prejudiced Minor. *Strickland*, 466 U.S. at 697.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court denying Minor's petition for a writ of habeas corpus.