

```
FILED
COURT OF APPEALS
2006 MAR 23 PM 2: 00
D. FOLEY
CLERK OF COURTS
MONTGOMERY CO., OHIO
```

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| STATE OF OHIO | : | |
|---|---|---|
| Plaintiff-Appellee | : | C.A. CASE NO. 20905 |
| v. | : | T.C. NO. 04 CR 1805/1 |
| ARMAND PARKS | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

### DECISION AND ENTRY

Rendered on the 23rd day of March, 2006.

. . . . . . . . . .

R. LYNN NOTHSTINE, Atty. Reg. No. 0061560. Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

ARMAND PARKS, #487-886/S-C, London Correctional Institute, P. O. Box 69, London, Ohio 43140-0069
    Defendant-Appellant

. . . . . . . . . .

PER CURIAM:

    This matter is before us on an application to re-open filed by Appellant, Armand Parks pursuant to App. R. 26 (B). Parks has raised two potential assignments of error in his

2

application, an abuse of discretion on part of the trial court in imposing a greater than minimum sentence and ineffective assistance of appellate counsel.

On December 2, 2004, Parks plead guilty to charges involving the possession and trafficking of cocaine. Parks was subsequently sentenced by the trial court to serve a prison term greater than the minimum pursuant to statute. Parks timely filed his appeal with this Court on February 9, 2005. On December 2, 2005, this Court entered judgment overruling all of Parks assignments of error. Parks timely filed this application for re-opening on January 30, 2006.

Parks subsequently filed an amended application for re-opening of his direct appeal on March 3, 2006. A number of the same assignments of error from the original application are raised. In addition to those assignments, he asserts that the trial court abused its discretion in refusing to allow him to withdraw his guilty pleas and he provides further rationale as to how his appellate counsel was ineffective.

I

The first assignment of error raised by Parks is that the trial court erred by imposing greater than the minimum sentence against him. Under App. R. 26 (B), an application to re-open on direct appeal may only be granted when an appellant establishes the ineffective assistance of appellate counsel. Since Parks assigns error to the trial court and not to his appellate counsel this argument is inappropriate under App. R. 26 (B). Accordingly, Parks first assignment of error is overruled.

II

In his second assignment of error Parks claims that his appellate counsel was ineffective when he failed to argue that his Sixth Amendment right to a jury trial was violated

by the imposition of a greater-than-minimum sentence. There is a two-step process that a reviewing court must apply when examining a claim of ineffective assistance of counsel. *State v. Bradley* (1989), 42 Ohio St.3d 136, 141-142. First, it must be determined whether any of the appellate counsel's essential duties to his client have been violated. Id. Next, there must be a determination as to whether the party was prejudiced by counsel's ineffectiveness. Id. In order to prevail on an ineffective assistance of counsel claim, appellant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bradley*, 42 Ohio St.3d at 142.

In his direct appeal, Parks' appellate counsel failed to raise a constitutional challenge to the non-minimum sentence pursuant to *Apprendi v. N.J.* (2000), 530 U.S. 466 and *Blakely v. Washington* (2004), 542 U.S. 296. At the time Parks direct appeal was decided this Court had ruled that it will not review the merits of a *Blakely* challenge unless the issue was raised by the defendant before the trial court at sentencing. See *State v. Cressel*, Montgomery App. Nos. 20337 and 20348. 2005-Ohio-2013. Thus, at the time of the direct appeal, where there was no possibility that this argument could be successful, appellate counsel cannot be found ineffective for failing to challenge the sentence imposed on the constitutional grounds discussed in *Blakely*. Accordingly, it cannot be said that but for appellate counsel's failure to raise the constitutional argument to Parks sentence that the result would have been different, in fact at the time the direct appeal was decided, we would have found waiver for failure to raise this issue in front of the trial court.

However, Parks in his amended brief to re-open now suggests that his appellate counsel, who was also his trial counsel, should have argued the non-minimum sentence

4

violated his Sixth Amendment rights pursuant to *Apprendi* and *Blakely* in the original appeal and that counsel failed to do so, in essence, because he would have been acknowledging his own deficient conduct in the lower court.

Just four days following Parks filing of this amended brief urging this additional basis, the Supreme Court of Ohio decided *State of Ohio v. Foster* (2004), Franklin App. Nos. 2004-1568, 2004-1771, 2005-0735, 2005-2156, 2006-Ohio-856. *Foster* held R.C. 2929.14 (B) to be unconstitutional.

After *Foster*, trial courts now have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing non-minimum sentences. *State v. Mathis* (2006), Cuyahoga App. Nos. 2004-1171, 2004-1267, 2006-Ohio-855.

To demonstrate ineffective assistance of appellate counsel, a defendant must make two showings: the trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.ed2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697. "The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, *** that course should be followed." Id.

Thus, we proceed directly to the issue of prejudice. The holding in *Foster* as noted, gives the trial court greater discretion in sentencing than it had under R.C. 2929.14(B) and

5

(C). In our view, it is unrealistic to think that the trial court, now possessing greater sentencing discretion, would impose a lesser sentence on remand. After all, it declined to impose a minimum or non-maximum sentence on Parks in the first instance when it was required to make specific findings to justify doing so. Consequently, we are unpersuaded that re-opening Parks appeal, reversing his sentence, and remanding for re-sentencing would result in any benefit to him, and we thus find no ineffective assistance of appellate counsel.

Although *Foster* requires remanding for re-sentencing for "cases *** pending on direct review," *Foster* at ¶ 104, Parks case is not pending on direct review

Parks application for reopening is DENIED

IT IS SO ORDERED.

_____
WILLIAM H. WOLFF, JR., Judge

_____
MIKE FAIN, Judge

_____
MARY E. DONOVAN, Judge

Copies mailed to:

R. Lynn Nothstine
Armand Parks
Hon. John W. Kessler

THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT