Skinner et al v. New York Times Company — Doc. 23 Att. 9

LEXSEE 2006 U.S. APP. LEXIS 25810

**UNITED STATES OF AMERICA, Plaintiff - Appellee, versus EDDIE LAVON MCNEILL, Defendant - Appellant. UNITED STATES OF AMERICA, Plaintiff - Appellee, versus EDDIE LAVON MCNEILL, Defendant - Appellant.**

No. 04-4889; No. 04-4898

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

*2006 U.S. App. LEXIS 25810*

**September 25, 2006, Submitted
October 18, 2006, Decided**

**NOTICE: [\*1]** RULES OF THE FOURTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** Appeals from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (CR-04-126; CR-04-185).

**DISPOSITION:** AFFIRMED.

**COUNSEL:** Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.

Anna Mills Wagoner, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

**JUDGES:** Before MOTZ, KING, and SHEDD, Circuit Judges.

**OPINION:** PER CURIAM:

Eddie Lavon McNeill pleaded guilty to one count of bank robbery, in violation of *18 U.S.C. § 2113(a) (2000)*. At the time he committed this offense, McNeill was on federal supervised release for an earlier bank robbery conviction in South Carolina. After McNeill's guilty plea to the latest robbery, the Probation Officer filed a petition alleging McNeill violated the terms of his supervised release. The district court sentenced McNeill to 176 months of imprisonment for the bank robbery. The court also revoked **[\*2]** McNeill's supervised release and sentenced him to twenty-four months of imprisonment to run consecutive to his sentence for bank robbery. McNeill timely appealed, and we affirm.

McNeill's counsel first suggests that the sentence imposed by the district court after revoking McNeill's supervised release was unduly harsh. McNeill does not assert any error in the district court's decision to revoke his supervised release or in the court's application of the advisory provisions of the Sentencing Guidelines. \* This court recently held that "revocation sentences should be reviewed to determine whether they are 'plainly unreasonable' with regard to those *§ 3553(a)* factors applicable to supervised release revocation sentences." *United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006)*. Our review of the record convinces us that McNeill's sentence upon revocation of supervised release is not unreasonable, much less plainly unreasonable.

\* U.S. Sentencing Guidelines Manual Ch. 7 (2004).

McNeill **[\*3]** also challenges the constitutionality of his bank robbery sentence under *United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005)*. Specifically, McNeill argues that the district court's treatment of the Sentencing Guidelines as mandatory and its failure to consider the sentencing factors in *18 U.S.C.A. § 3553(a)* (West 2000 & Supp. 2006) require resentencing. McNeill specifically disclaims any *Sixth Amendment* error in the determination of his sentence.

In their briefs, the parties assert that, because McNeill did not raise this issue at sentencing, his Booker

arguments are reviewed for plain error. After the briefs were submitted, however, this court held that a Blakely objection at sentencing is sufficient to preserve a claim of error under *Booker. United States v. Rodriguez, 433 F.3d 411, 415-16 (4th Cir. 2006)*. Accordingly, we review McNeill's claims of sentencing error under the harmless error standard. *Id. at 415*. Under this standard, the Government bears the burden of showing that an error did not affect the defendant's substantial rights. *Id. at 416*. This court has **[*4]** recognized that the application of the Guidelines as a mandatory determinant in sentencing is error. *United States v. White, 405 F.3d 208, 216-17 (4th Cir.)*, cert. denied, *126 S. Ct. 668, 163 L. Ed. 2d 539 (2005)*.

Our review of the record leads us to conclude that the district court's error in applying the Guidelines in a mandatory manner is harmless. Although the district court acknowledged the uncertain state of sentencing law at the time of McNeill's sentencing, other remarks by the court indicate that it would not have imposed a lesser sentence under an advisory scheme, or if it had explicitly considered the *§ 3553(a)* factors. Further, the district court sentenced McNeill to 176 months' imprisonment, well above the low end of the guideline range. This high-end sentence and the district court's comments reveal that the district court imposed a sentence it concluded was appropriate under the facts, and that a remand would be futile.

We therefore affirm McNeill's sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process. **[*5]**

AFFIRMED