LEXSEE 2006 U.S. APP. LEXIS 26124

UNITED STATES OF AMERICA, Plaintiff-Appellee, v. CHARLES RICHARD SATTERFIELD, Defendant-Appellant.

No. 04-6224

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

06a0772n.06;

*2006 U.S. App. LEXIS 26124*

**October 18, 2006, Filed**

**NOTICE: [\*1]** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE.

**COUNSEL:** For UNITED STATES OF AMERICA, Plaintiff - Appellee: Gregg L. Sullivan, Asst. U.S. Attorney, Paul W. Laymon, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN.

For CHARLES RICHARD SATTERFIELD, Defendant - Appellant: Christopher H. Steger, Miller & Martin, Chattanooga, TN.

**JUDGES:** BEFORE: NORRIS, COLE, and COOK, Circuit. Judges.

**OPINION BY:** ALAN E. NORRIS

**OPINION:**

   MEMORANDUM OPINION

   **ALAN E. NORRIS, CIRCUIT JUDGE.** Defendant Charles Richard Satterfield appeals from a thirty-six month sentence imposed after he pleaded guilty to participating in a conspiracy to manufacture 50 or more grams of methamphetamine in violation of *21 U.S.C. § § 841(a)(1)*, *(b)(1)(B)*, and *846*. Satterfield was sentenced after the Supreme Court's decision in **[\*2]** *Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004)*, but before its decision in *United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005)*. After *Blakely,* it was unclear whether a district court could enhance a defendant's sentence based on offense conduct that was found by the court by a preponderance of the evidence, such as drug quantity. In this case, because of the unsettled state of the law and its impact on the federal sentencing guidelines, the district court imposed alternative sentences. The first sentence, which is the effective sentence, calls for thirty-six months of imprisonment and was calculated without considering the federal sentencing guidelines. The alternative sentence is for six-months and was calculated using the federal sentencing guidelines but without applying any enhancements. The judgment provided that this alternative sentence would be imposed if the guidelines were later declared constitutional in whole or in part. Defendant argues that the guidelines were not declared wholly unconstitutional by *Booker;* therefore, the lower six-month sentence must be imposed. The government counters that defendant's thirty-six month sentence should be **[\*3]** affirmed because the district court effectively performed a post-*Booker* sentencing analysis and, in any event, any error that occurred was harmless. We hold that both sentences were based on incorrect predictions of how sentencing laws would evolve after *Blakely;* however, because defendant's sentence is well-below the advisory guideline range of 87-108 months, any error that occurred was harmless.

   "When a defendant preserves a potential *Blakely* error, this Court reviews for harmless error." *United States*

*v. McBride, 434 F.3d 470, 473 (6th Cir. 2006)*. Under this test, a case must be remanded for re-sentencing unless the court is certain that any error that occurred was harmless because it did not affect the sentence imposed by the district court. *United States v. Hazelwood, 398 F.3d 792, 801 (6th Cir. 2005)* (citing *Williams v. United States, 503 U.S. 193, 203, 112 S. Ct. 1112, 117 L. Ed. 2d 341 (1992))*. At sentencing, defendant raised a *Blakely* objection. Accordingly, this court reviews for harmless error.

In February 2004, defendant pleaded guilty to participating in a conspiracy to manufacture methamphetamine. The plea agreement referred to the indictment, [*4] which did not specify a definite drug quantity--only that the conspiracy was to manufacture "fifty or more grams." On the other hand, the pre-sentence investigative report ("PSI") stated that defendant and his co-defendants engaged in a conspiracy that took place over several months and resulted in the production of more than 240 grams of methamphetamine. At the sentencing hearing, consistent with the PSI, a police officer who searched the trailer where the manufacturing took place testified that two minor children were living there during the methamphetamine "cooking." Pursuant to *U.S.S.G. § 2D1.1*, a conspiracy to manufacture 240 grams of methamphetamine is assigned a base offense level of 28 n1. The PSI also recommended a six-point enhancement for creating a substantial risk of harm to the life of a minor. *See U.S.S.G. § 2D1.1(b)(5)(C)*. Based on defendant's substantial assistance to the government and his acceptance of responsibility, it went on to suggest a five-level downward departure. *See U.S.S.G. §§ 2D1.1(b)(6) and 3E1.1(a) and (b)*. Defendant's criminal [*5] history category of I and an adjusted base offense level of 29 yielded a sentencing guideline range of 87 to 108 months.

n1 The 2003 version of the sentencing guidelines were used in this case.

At the sentencing hearing, however, the district court rejected the guideline range. It reasoned that, after *Blakely,* any sentence that called for an enhancement based on facts that the defendant had not admitted or that had not been proven to a jury beyond a reasonable doubt was unconstitutional. Therefore, the district court rejected the PSI's recommended guideline range. Instead, it attempted to formulate an appropriate sentence while disregarding the guidelines in their "entirety." In doing so, the district court considered a number of factors: protecting the public; providing adequate deterrence; imposing a punishment severe enough to reflect the seriousness of the offense; and providing just punishment.

In light of these considerations, the district court imposed a thirty-six month sentence. It also imposed the [*6] six-month sentence mentioned earlier. That sentence was calculated by assigning defendant a base offense level of twelve, the lowest available offense level for a drug crime involving methamphetamine. *See U.S.S.G. § 2D1.1(c)(14)*. It then applied a five-level downward departure, which yielded an adjusted offense level of eight and a guideline range of zero to six months. The judgment stated that defendant should serve the thirty-six month sentence; the six-month alternative sentence was only to be imposed if the guidelines were later declared constitutional in whole or in part.

The district court did not accurately predict the post-*Booker* sentencing universe, in which district courts are directed to impose reasonable sentences. *See United States v. Webb, 403 F.3d 373, 383-84 (6th Cir. 2005)*. In fashioning a reasonable sentence, courts are instructed to consider the defendant's advisory guideline range as well as the other factors listed in *18 U.S.C. § 3553(a). Id.* Importantly, *Booker* preserves the district court's ability to enhance a defendant's sentence based upon facts proven by a preponderance [*7] of the evidence or admitted to by a defendant as long as it "appreciates that the guidelines are advisory, not binding". *United States v. Mickens, 453 F.3d 668, 673 (6th Cir. 2006)*. In this case, when the district court imposed the thirty-six month effective sentence, it disregarded the sentencing guidelines in their entirety, which was procedurally unreasonable. *Webb, 403 F.3d at 383*. Then, in formulating the alternative sentence, the district court wrongly believed that it could not impose any guideline enhancements. Thus, the logic underlying both sentences is flawed. Be that as it may, any error was harmless. Based on the testimony at the sentencing hearing and the facts contained in the PSI, the district court found the guideline range was 87 to 108 months. The thirty-six month sentence imposed is well below this range, and if this case were remanded for re-sentencing, defendant would face a real likelihood that he would receive a higher sentence. Moreover, defendant has not pointed to any evidence which shows that the district court would have imposed a lesser sentence had it known that the guidelines would be declared advisory nor has he argued [*8] that the sentence is unreasonable. *See Hazelwood, 398 F.3d at 801*.

The judgment is **affirmed.**