# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS NOLAND, | : | Case No. 2:05cv682 |
| Petitioner, | : | Judge Watson |
| v. | : | Magistrate Judge Abel |
| PAT HURLEY, Warden,[1] | : | **HABEAS CORPUS** |
| Respondent. | : | |

## RESPONDENT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Dennis Noland filed the instant action on July 13, 2005. [Doc. #1.] Respondent filed an Answer/Return of Writ, [Doc. #5-6], and a Supplemental Answer/Return of Writ. [Doc. #21.]

On November 13, 2006, the Magistrate Judge issued a Report and Recommendation recommending that the petition for writ of habeas corpus be conditionally granted on Noland's claim that his sentence violated *Blakely*, that petitioner's sentence be vacated, that Noland be "released from incarceration unless the State of Ohio releases [sic] him within ninety days," and that this action be dismissed. [Doc. #22, Report and Recommendation pp. 1, 21].

To preserve Respondent's rights on any potential appeal, *see Thomas v. Arn*, 474 U.S. 140 (1985), Respondent objects to the magistrate judge's recommendation that the petition for a writ of habeas corpus be granted on Noland's claim that his sentence violated *Blakely*. Specifically, Respondent objects to the magistrate judge's conclusions that that the "imposition

---

[1] Noland is currently incarcerated in the Noble Correctional Institution. Jeffrey Wolfe is the Warden of that institution and, as such, is the proper party Respondent.

of the maximum term in violated *Blakely*," that "the defendant did not agree to any set of facts during his guilty plea or at sentencing," and that the alleged error was not harmless. Respondent does not object to the magistrate judge's recommendation that this action be dismissed. [Doc. #22, Report and Recommendation p. 21].

At Noland's resentencing hearing on February 6, 2004, it was not clear that *Blakely* had any applicability to the Ohio sentencing statutes. There was no United States Supreme Court precedent explaining whether Ohio's sentencing statutes were unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004).[2]

The Supreme Court of Ohio acknowledged that Ohio's sentencing scheme is distinguishable from the sentencing scheme reviewed by the Supreme Court in *Blakely*. *See State v. Foster*, 109 Ohio St. 3d 1, 2006 Ohio 856. Specifically, the Supreme Court of Ohio noted that, unlike Washington's sentencing scheme, Ohio's sentencing scheme "is not a true 'mandatory guidelines' or matrix state where sentencing is confined within designated presumptive prison term ranges unless aggravators are found." *Foster*, 109 Ohio St. 3d 1, 17, ¶49.[3]

Various other states have also distinguished their sentencing schemes from Washington's grid system and have held that *Blakely* was inapplicable to their sentencing schemes. *See People v. Claypool*, 470 Mich. 715, 730 (2004) (Michigan's indeterminate sentencing scheme is unaffected by the United States Supreme Court's holding in *Blakely*.); *State v. Stover*, 140 Idaho 927, 933

---

[2] In fact, it was not even clear whether *Blakely* applied to the federal guidelines. The *Blakely* opinion makes clear that it expresses no opinion on the continuing validity of the federal guidelines. *United States v. Burgess*, 142 Fed. Appx. 232, 240 (6th Cir. 2005); *Blakely*, 124 S. Ct. at 2538 n.9.

[3] The Supreme Court of Ohio also noted that as a result of S.B. 2, Ohio has a comprehensive and complicated hybrid felony sentencing plan, both determinate and indeterminate in nature and containing aspects of presumptive sentencing. Furthermore, the Supreme Court of Ohio admitted that the "statutes themselves are extremely complex." *Foster*, 109 Ohio St. 3d 1, 2006 Ohio 856, ¶35, 49.

(2005) (Idaho's indeterminate sentencing scheme is unaffected by the holding in *Blakely*.); *People v. Black*, 35 Cal.4th 1238 (2005) (*Blakely* does not apply to California's three-tiered determinate sentencing law.).

Most Ohio appellate courts had determined that *Blakely* was not applicable to Ohio's sentencing statutes. *State v. Foster*, 109 Ohio St. 3d 1, 2006 Ohio 856, ¶50. Additionally, at least one federal magistrate and one federal district court judge found that *Apprendi* (and *Blakely*) did not apply to Ohio's sentencing statutes and denied habeas relief for a claim challenging the imposition of a more-than-minimum sentence based on factors set forth in § 2929.14(B). *See Graber v. Bobby*, No. 4:04CV1314 (N.D. Ohio Aug. 29, 2005); *Graber v. Bobby*, No. 4:04CV1314, 2006 U.S. Dist. LEXIS 4994 (N.D. Ohio Feb. 9, 2006).

Subsequently, in 2006, well after Noland exhausted all direct appeals, these decisions were shown to be incorrect. In *State v. Foster*, 109 Ohio St. 3d 1, 2006 Ohio 856, the Supreme Court of Ohio held that "there are portions of the state's sentencing statutes that are eviscerated by *Blakely*." *Id.* at 17 ¶49.

> Certain aspects of Ohio's felony sentencing plan are unconstitutional when measured against the Sixth Amendment principles established in *Blakely*. The reason for this is, like many state legislatures that attempted sentencing reform, the Ohio General Assembly, through its enactment of S.B. 2 in 1996, authorized narrower sentencing ranges and restricted the discretion of trial judges by mandating that underlying "findings" be made before increasing what seems to be a presumptive sentence. In other words, the sentence is not determined "solely on the basis of facts reflected in the jury verdict or admitted by the defendant" as *Blakely* requires. . . .

*Id.* at 19 ¶53.[4]

---

[4] The Ohio Supreme Court's opinion demonstrates that the "error" is not that the trial court imposed a maximum sentence, or a sentence at the top of the statutory range. Rather, the error is that "the Ohio General Assembly, through its enactment of S.B. 2 in 1996, authorized narrower sentencing ranges and restricted the discretion of trial judges by mandating that underlying 'findings' be made before increasing what seems to be a presumptive sentence." *Foster*, 109 Ohio St.3d at 19 ¶53.

The Sixth Circuit noted that "Ohio's sentencing law dramatically changed when the Ohio Supreme Court severed portions held to violate the Sixth Amendment right to jury trial as set forth in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). *See State v. Foster*, 845 N.E.2d 470 (Ohio 2006)." *Minor v. Wilson*, No. 05-3534, at n.1 (6th Cir. Jan. 17, 2007).

However, Noland "does not benefit from this change in Ohio's felony sentencing structure for two reasons." *Minor v. Wilson*, No. 05-3534, at n.1 (6th Cir. Jan. 17, 2007). First, "the change is applicable only to those cases pending on direct review." *Minor v. Wilson*, No. 05-3534, at n.1 (6th Cir. Jan. 17, 2007); *see also State v. Parks* (Mar. 23, 2006), Montgomery App. No. 20905; *State v. Jones*, Montgomery App. No. 21341, 2006 Ohio 4936, ¶8.

In *Foster*, the Supreme Court of Ohio held that where unconstitutional sentencing provisions were relied on at sentencing, the suspect sentencing for all cases *on direct review or not yet final* would be vacated and remanded for new sentencing hearings consistent with *Foster*. *Foster*, 109 Ohio St.3d at 30-31. However, Noland's convictions were not on direct review when the Supreme Court of Ohio issued its decision in *Foster*, and are not currently on direct review. Therefore, re-sentencing under *Foster* is not available. *Minor v. Wilson*, No. 05-3534, at n.1 (6th Cir. Jan. 17, 2007); *English v. Brooks*, 2006 U.S. Dist. LEXIS 74691, at *28 (N.D. Ohio Sept. 30, 2006) ("Habeas review under § 2254 is collateral review, not direct review. As such, the holding in *Foster* does not permit this court to grant habeas on this claim, or to order a new sentencing hearing for English. At the time of English's sentence and on direct review, the MDO specification under which English was sentenced was constitutional. Therefore, English's newly raised *Blakely* claim fails."); *State v. Parks* (Mar. 23, 2006), Montgomery App. No. 20905.

Second, as the Sixth Circuit also noted, "the new structure actually works to [Noland's] detriment." *Minor v. Wilson*, No. 05-3534, at n.1 (6th Cir. Jan. 17, 2007). The statutory sentencing scheme in existence in Ohio before *Foster* only benefited defendants. *State v. Frazier*, Franklin App. No. 05AP-1323, 2007 Ohio 11, ¶43; *State v. Peeks*, 10th Dist. No. 05AP-1370, 2006 Ohio 6256, ¶15. Pre-*Foster*, a trial court had to make a number of findings before it could sentence a defendant to a maximum sentence. These required findings only served as an impediment to the imposition of maximum sentence, *i.e.*, they limited the trial court's sentencing discretion and prohibited the imposition of a maximum sentence unless each and every finding was made. *Foster*, 109 Ohio St. 3d 1, ¶60-61, 63, 66-67; *State v. Peeks*, 10th Dist. No. 05AP-1370, 2006 Ohio 6256, ¶15. However, even if the trial court made the findings, the statutory scheme did not require the trial court to impose maximum sentences. *State v. Frazier*, Franklin App. No. 05AP-1323, 2007 Ohio 11, ¶43; *State v. Peeks*, 10th Dist. No. 05AP-1370, 2006 Ohio 6256, ¶15.

In *Foster*, the Supreme Court of Ohio severed the statutory provisions requiring judicial fact-finding and retained the remainder of the sentencing code. The Supreme Court of Ohio held that the sentencing courts now have *full discretion to impose a prison term within the statutory range* based solely upon the jury's verdict or the defendant's plea and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. *State v. Foster*, 109 Ohio St. 3d 1, 30, 2006 Ohio 856 (emphasis added). Thus, it was more difficult for a trial court to impose maximum sentences pre-*Foster* than it is now. *See Foster*, 109 Ohio St. 3d 1, ¶105; *State v. Peeks*, 10th Dist. No. 05AP-1370, 2006 Ohio 6256, ¶15; *State v. Frazier*, Franklin App. No. 05AP-1323, 2007 Ohio 11, ¶38.

Noland pled guilty to one count of rape as set forth in the indictment, a violation of Ohio Revised Code § 2907.02(A)(1)(c). Although the magistrate judge found that Noland did not agree to any set of facts during his guilty plea, [Doc. #22, Report and Recommendation p. 19], by pleading guilty, Noland admitted the facts set forth in the indictment.

Assuming *arguendo* that *Foster* did apply to Noland's case, *Foster* provides that the maximum prison term authorized by the facts admitted by Noland upon the acceptance of his plea is ten years. The Supreme Court of Ohio explained that "Ohio's 'statutory maximum' for purposes of *Apprendi* and its progeny, *the maximum prison term authorized by . . . the facts admitted by a defendant upon acceptance of a plea is the top of the sentencing range for the crime of which the defendant is convicted.* For example, [where, as here,] the offender is convicted of a first-degree felony, the 'statutory maximum' is ten years under R.C. 2929.14(A)(1)." *Foster*, 109 Ohio St.3d at 29 ¶96 (emphasis added).

This is the very sentence that was imposed by the trial court at sentencing and upon resentencing. If Noland were to be subject to sentencing today, the trial court now has full discretion to impose the same sentence based solely upon Noland's guilty plea to the charge of rape as set forth in the indictment. Under these circumstances, there can be no demonstration of resulting prejudice in Noland's sentencing because the sentence imposed by the trial court is within the available basic statutory range for his offense of conviction (as required by *Foster* and current Ohio sentencing law), and does not run afoul of present Ohio sentencing law.

It is unrealistic to think that the trial court, now possessing greater sentencing discretion would impose a lesser sentence on remand. After all, it declined to impose a minimum or non-maximum sentence on Noland in the first and second instance when it was required to make specific findings to justify doing so. *State v. Parks* (Mar. 23, 2006), Montgomery App. No.

20905; *State v. Jones*, 2d Dist. No. 21341, 2006 Ohio 4936, ¶9 ("We believe it is unrealistic that the trial court, now possessing greater sentencing discretion, would impose a lesser sentence on remand. Except when a maximum sentence has already been imposed, the trial court is free to impose an even greater sentence on remand. . . . Consequently, even if *Foster* applied to Defendant's sentences, which it does not, reversing his maximum sentences and remanding for resentencing would not likely result in any benefit to Defendant."). Consequently, the alleged error committed by the trial court in making statutorily required findings before imposing a maximum sentence could only have benefited Noland and, therefore, was harmless beyond a reasonable doubt. *State v. Peeks*, Franklin App. No. 05-AP-1370, 2006 Ohio 6256, ¶15; *State v. Frazier*, Franklin App. No. 05AP-1323, 2007 Ohio 11, ¶43.

Additionally, a review of the trial court's findings at sentencing and resentencing, [Doc. #22, Report and Recommendation pp. 10-16], demonstrates that the trial court imposed a sentence it concluded was appropriate under the facts, and that resentencing would be futile. *See United States v. McNeill*, No. 04-4889 & 04-4898, 2006 U.S. App. LEXIS 25810, at *4 (4th Cir. Oct. 18, 2006). Moreover, defendant has not pointed to any evidence that shows that the trial court would have imposed a lesser sentence absent the statutorily required factual findings. *See State v. Foster*, 109 Ohio St. 3d 1, 17, 2006 Ohio 856;[5] *State v. Mathis*, 109 Ohio St. 3d 54, 2006 Ohio 855; *see also United States v. Satterfield*, No. 04-6224, 2006 U.S. App. LEXIS 26124, at *7-8 (6th Cir. Oct. 18, 2006).

A review of the record and Ohio case law demonstrates that any alleged error committed by the trial court in making statutorily required findings before imposing a maximum sentence is

---

[5] The Supreme Court of Ohio rejected the defendants a proposed remedy of presumptive minimum sentences concluding that the General Assembly would not have limited so greatly the sentencing court's ability to impose an appropriate penalty." *State v. Foster*, 109 Ohio St. 3d 1, 27, 2006 Ohio 856.

harmless. *See Washington v. Recuenco*, 548 U.S. ____, 126 S. Ct. 2546, 2553 (2006) (A violation under *Blakely v. Washington*, 542 U.S. 296 (2004), is not a "structural error" and is subject to harmless error analysis under *Neder v. United States*, 527 U.S. 1 (1999).); *State v. Frazier*, Franklin App. No. 05AP-1323, 2007 Ohio 11, ¶34 ("*Blakely-Foster* error is non-structural error").

The alleged constitutional violation had no reasonable possibility of having a substantial and injurious effect. Therefore, Noland has no *Blakely* claim.

## CONCLUSION

For the foregoing reasons, Respondent respectfully urges this Court to decline to adopt the Magistrate Judge's Report and Recommendation. Noland's habeas corpus petition should be dismissed in its entirety and no certificate of appealability should be issued.

Respectfully submitted,

JIM PETRO (0022096)
Attorney General


s/Jerri L. Fosnaught
JERRI L. FOSNAUGHT (0077718)
Assistant Attorney General
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
614-644-7233
614-728-9327 fax
jfosnaught@ag.state.oh.us

Counsel for Respondent

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing ***Respondent's Objections to the Magistrate Judge's Report and Recommendation*** has been electronically filed, and was served upon Petitioner, Dennis Noland, #427-148, Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, Ohio 43724, via U.S. mail, postage prepaid, this 19th day of January, 2007.

s/Jerri L. Fosnaught
JERRI L. FOSNAUGHT
Assistant Attorney General
